Dennis Clark GOODWIN, Appellant,

v.

The STATE of Texas.

No. 2–01–381–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 27, 2002.

Howard Shapiro, Plano, Sorrels & Udashen and Bruce Anton, Dallas, for Appellant

Bruce Isaacks, Dist. Atty., Catherine Luft, Patrick Berry, Asst. Dist Atty's, Denton, for Appellee.

Panel A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

SAM J. DAY, Justice.

### I. INTRODUCTION

Appellant Dennis Clark Goodwin was arrested for assaulting a family member. Appellant was charged with enhanced family violence assault because of a prior conviction for assault on a member of his household. He was tried to a jury which found him guilty. The jury sentenced him to nine years in jail and a $5,000 fine. Appellant appeals the conviction with three points: 1) the trial court committed error by denying a motion for mistrial based on improper jury argument; 2) the trial court committed error by improperly denying Appellant the opportunity to impeach the complainant with her mental health problems; and 3) the evidence is insufficient to establish that Appellant had been previously convicted of an assault involving a family member pursuant to Texas Penal Code section 22.01(b)(2). We affirm.

### II. FACTS

On January 31, 2000, police officers responded to a 911 hang-up call at Appellant's residence. Upon arriving at the scene, the officers heard a female voice inside the trailer ask, "Why did you hit me?" Because of the phone call to 911 and the overheard conversation, the officers entered the residence.

When the officers entered the trailer, they encountered Appellant and his longtime girlfriend, Lauri Jacobs. Jacobs informed the officers that Appellant had

held a knife on her and when she had attempted to call 911, Appellant had cut the phone cord. She further alleged that Appellant had attacked her and hit her with his fist and an aerosol can. The officers felt raised bumps on the top of Jacobs head that led them to believe that she had in fact been assaulted. The officers then arrested Appellant for domestic assault and inspected the trailer. During their inspection of the trailer, the police found drugs and drug paraphernalia. Appellant was charged with possession of methamphetamine and enhanced family violence assault. After Appellant was convicted on both charges, he filed a motion for new trial. The trial court granted Appellant's motion for new trial on the conviction for possession and only the conviction for family violence assault was appealed.

### III. IMPROPER JURY ARGUMENT

Appellant's first point contends that the trial court committed error by denying a motion for mistrial based on improper jury argument. Appellant claims that the State repeatedly referred to Appellant's right to remain silent. Appellant asserts that these references to his right tarnished the trial in a way that was uncorrectable even by an instruction from the judge to disregard.

To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify. TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon Supp.2003); see Bustamante v. State, 48 S.W.3d 761, 765 (Tex.Crim.App.2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex.Crim.

App.), cert. denied, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999). The offending language must be viewed from the standpoint of the jury and the implication that the comment referred to the accused's failure to testify must be clear. Bustamante, 48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex.Crim.App. 1992). It is not sufficient that the language might be construed as an implied or indirect allusion to the accused's right to remain silent. Patrick v. State, 906 S.W.2d 481, 490–91 (Tex.Crim.App.1995), cert. denied, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).

■ Appellant alleges that the State referred to Appellant's right to remain silent on three different occasions during closing argument. On the first occasion, the prosecutor stated "if it was alleged to have been an accident, that could have been included in your charge, but it wasn't. Okay. It also wasn't done in self-defense. If it had been alleged to be in self-defense, that would have been—" At this point Appellant objected that the State was commenting on Appellant's choice not to testify. The trial court overruled Appellant's objection.

Appellant alleges that the reference to self-defense was a comment on his right not to testify because only he could provide the necessary testimony to support a self-defense claim. He claims that the trial court erred in overruling his objection to improper jury argument.

A self-defense claim does not rely solely on the testimony of the defendant. See Smith v. State, 676 S.W.2d 584, 586–87 (Tex.Crim.App.1984) (holding that even the State can put on evidence that would support a charge relating to self-defense). Because evidence of self-defense did not have to come directly from Appellant's testimony, there was no reference to Appellant's choice not to testify. The trial court

did not commit error in overruling the objection.

■ The State then shifted its closing argument and focused on the defenses Appellant raised in the trial. Appellant's main defense was that Jacobs had lied to the police when she claimed that Appellant had hit her. In order to prove that Jacobs was lying about the incident, Appellant focused on whether the phone line in the apartment was ever actually cut. The State was attempting to show how the facts of the case negated Appellant's defense when the second comment at issue occurred. The State stated, "And don't you think if there was any evidence that showed you that that [sic] phone cord wasn't cut, you would have seen it? You know, who had access to the house? The police are in there.... But who had access to the house after that? The Defendant and the defense counsel." At this point, Appellant objected and after the objection was sustained he asked the trial court to instruct the jury to disregard the comment. The trial court gave the jury an instruction to disregard the argument, and Appellant asked for a mistrial. The trial court denied the motion for mistrial. Appellant claims that the trial court erred in denying a mistrial because the comment could not be cured by an instruction to the jury to disregard.

■ If the State's remark called to the jury's attention the absence of evidence that could only be supplied by the testimony of the accused, the comment is improper; however, if the language can reasonably be construed to refer to appellant's failure to present evidence other than his own testimony, the comment is not improper. *Wolfe v. State,* 917 S.W.2d 270, 279 (Tex.Crim.App.1996); *Madden v. State,* 799 S.W.2d 683, 700 (Tex.Crim.App. 1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991).

Appellant and Jacobs were the only two witnesses to the assault. Appellant was the only person who could testify against what Jacobs claimed occurred in the trailer. Appellant also would be the only person able to authenticate evidence of an uncut phone line. The comment in question called the jury's attention to evidence that could only be supplied by Appellant. Therefore, the State's comment was improper. We must now determine if the trial court erred by not granting a mistrial in the case.

■ When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial. *Faulkner v. State,* 940 S.W.2d 308, 312 (Tex.App.-Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). Its resolution depends on whether the court's instruction to disregard cured any prejudicial effect. *Id.* Generally, an instruction to disregard impermissible argument cures the prejudicial effect, if any. *Id.; Dinkins v. State,* 894 S.W.2d 330, 357 (Tex.Crim.App.), *cert. denied,* 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). In assessing the curative effect of the court's instruction to disregard, the correct inquiry is whether the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect. *Hernandez v. State,* 819 S.W.2d 806, 819 (Tex.Crim.App. 1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992); *Faulkner,* 940 S.W.2d at 312. If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err. *Dinkins,* 894 S.W.2d at 357; *Faulkner,* 940 S.W.2d at 312. Only if the reviewing court deter-

mines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury's verdict. TEX. R.APP. P. 44.2(b). In the present case, we hold that the trial court's prompt instruction to disregard the comment cured the harm of the State's improper jury argument.

■ The third time the State allegedly commented on Appellant's right to not testify, he stated that "I absolutely do not want you to consider anything about the Defendant having the burden, but the Defendant has a right to present evidence in the form of pictures or testimony from other witnesses just like the State does." Appellant objected again to the State commenting on Appellant's choice not to testify, and the trial court overruled the objection. The State made the third comment immediately after the trial court denied Appellant's request for a mistrial in the case. The State was attempting to clarify the previous statement by showing that it was only referring to Appellant's right to tender evidence. There was no inference in this comment that would lead us to believe that the State was attempting to comment directly or indirectly on Appellant's right to remain silent.

Because we find that the trial court committed no error, we overrule Appellant's first point.

## IV. PRESENTATION OF MENTAL HEALTH EVIDENCE

■ In Appellant's second point, he complains that the trial court erred by improperly denying Appellant the opportunity to impeach Jacobs with her history of mental health problems. During trial, the State objected to the introduction of evidence that Jacobs had attempted suicide about a month before the assault in this case. The State claimed that any evidence of this type would be irrelevant and unduly prejudicial under Texas Rules of Evidence 401 and 403. Appellant responded by claiming that the evidence would go to Jacobs's capability for remembering details, her ability to relate those details to officers at the scene of the crime, and her motive for testifying at trial. The trial court sustained the objection and would not allow Appellant to question Jacobs over her mental health history.

■ When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford a trial court great discretion. *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex.Crim.App. 1990). Thus, we review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim.App.1998). The trial court's ruling will be upheld as long as it is within the "zone of reasonable disagreement." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App.2000). Before evidence is admissible, it must be relevant as defined by rule 401 of the Texas Rules of Evidence. TEX.R. EVID. 401, 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401. In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved. *Reed v. State*, 59 S.W.3d 278, 281 (Tex.App.-Fort Worth 2001, pet. ref'd). So long as there is any reasonable logical nexus, the evidence will pass the relevancy test. *Id.*

After sustaining the State's objection, the trial court allowed Appellant to make

an offer of proof. The offer of proof showed that Jacobs was admitted into a mental health institution about a month prior to the assault in this case for about four or five days. There is no testimony as to why Jacobs was institutionalized. The offer of proof showed only that Jacobs had been admitted into a mental health facility to receive some sort of treatment. There is not a reasonable logical nexus connecting Jacobs's testimony regarding her institutionalization with her ability to observe details at the time of the assault. There is not a logical nexus connecting Jacobs's ability to communicate those details to police officers at the scene and her mental health problems. There is not a logical nexus connecting her mental health problems with a possible motivation for testifying. We find that the evidence at issue was not relevant and was properly excluded under rule 401 of the Texas Rules of Evidence. We overrule Appellant's second point.

## V. Proof of the Enhancement Offense

Appellant asserts under his final point that the evidence was legally insufficient to establish that he had been previously convicted of an assault involving a family member pursuant to Texas Penal Code section 22.01(b)(2). Prior to the present conviction for assault, Appellant pled nolo contendere to an assault on June 26, 1996. The prior judgment and sentence for assault was offered by the State into evidence during the present trial and Appellant stipulated that he was the person convicted of the previous assault.

The 1996 assault did not have an affirmative finding of family violence, and Appellant refused to stipulate to that fact. Appellant claims that, because the information that he pled to in 1996 did not indicate that the assault was against a family member, the trial court erred in

allowing the assault to be enhanced to a felony in the present case. Appellant further asserts that the trial court could not find that the prior assault was against a family member using extrinsic evidence. Appellant claims that Texas Code of Criminal Procedure article 42.013 does not allow for the use of extrinsic evidence in order to replace the affirmative finding that is required by the statue. In the alternative, Appellant claims that allowing extrinsic evidence to prove that a prior assault was against a family member is not allowed under collateral estoppel and could affect agreements reached in plea bargains.

We must first determine if extrinsic evidence may be used to prove that the prior assault was against a family member. Under article 42.013 of the Texas Code of Criminal Procedure, the trial court is charged with making an affirmative finding of family violence whenever the facts of the case support one. See Tex.Code Crim. Proc. Ann. art. 42.013 (Vernon Supp. 2003) ("In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.01, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case."). This affirmative finding can then be used to enhance a subsequent assault to a family member from a misdemeanor to a felony. See Tex. Penal Code § 22.01(b)(2) (Vernon Supp.2003) (stating that the offense of assault is ordinarily a Class A misdemeanor, but is enhanced to a felony "if the offense is committed against: a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section").

Prior to Article 42.013's enactment, extrinsic evidence was the only method of proving that a previous conviction for assault was against a family member. *State v. Eakins*, 71 S.W.3d 443, 444 (Tex.App.-Austin 2002, no pet.). The intent of the Texas Legislature in enacting Article 42.013 was to simplify the enhancement of punishment for family violence repeat offenders. *Id.* Article 42.013 allows for the affirmative finding that an assault under the penal code was committed against a family member to eliminate the need to use extrinsic evidence to enhance a subsequent conviction for family violence. It is clear that a trial judge in a prosecution for assault against a family member should make an affirmative finding. This simplifies the enhancement process for possible future assaults against a family member and promotes judicial economy. We must still determine if the statutes exclude the use of extrinsic evidence when no affirmative finding was made.

 Under ordinary statutory construction, we apply the plain meaning of the words contained in the rule unless such would lead to an absurd result. *State v. Hardy*, 963 S.W.2d 516, 519 (Tex.Crim. App.1997). There is no language in either article 42.013 or section 22.01(b)(2) that would exclude the use of extrinsic evidence to prove that a previous assault was against a family member when the trial court failed to make an affirmative finding in the case. There is nothing to suggest that the Texas Legislature intended, by adopting article 42.013, to exclude the introduction of extrinsic evidence to prove a prior assault was against a family member. *Eakins*, 71 S.W.3d at 444.

 Appellant claims that even if the statutes allow for extrinsic evidence to be used, the use of extrinsic evidence is barred by collateral estoppel. The Austin Court of Appeals has held that using extrinsic evidence to prove that a prior conviction for assault was against a family member does not attack the prior judgment. *Id.* at 445. It reasoned that, because the extrinsic evidence does not affect the outcome of the prior judgment, collateral estoppel is not a valid argument against the use of the evidence. *Id.* We find its reasoning persuasive and hold that collateral estoppel does not bar the use of extrinsic evidence in this case.

Appellant further argues that the use of extrinsic evidence in this fashion will have a chilling effect on plea bargains. Because there is no evidence in the record in this case that the prior nolo contendere plea to the 1996 assault was the product of a plea bargain, we do not address this argument. Therefore, we hold that article 42.013 does not exclude the use of extrinsic evidence to prove that a prior assault was against a family member. Such extrinsic evidence may be used under section 22.01(b)(2) to enhance an assault conviction from a Class A misdemeanor to a felony.

 The trial court in the present case allowed the use of extrinsic evidence as proof that the prior assault of June 1996 was against a member of Appellant's family. We must now determine whether the extrinsic evidence admitted at trial was legally sufficient to support the enhancement of Appellants punishment.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State*, 30 S.W.3d 384, 389–90 (Tex.Crim.App.2000); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Because Appellant stipulated that he was the person who committed the prior assault, we confine our legal sufficiency review to whether the State proved that the prior assault was against a family member. The Texas Family Code defines family violence as:

> an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself[.]

Tex. Fam.Code Ann. § 71.004 (Vernon 2002). Household "means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id.* § 71.005. The State is required to show that Appellant and Jacobs were living together in the same dwelling before or at the time the 1996 assault occurred. *See id.* § 71.006 (" 'Member of a household' includes a person who previously lived in a household.").

The State attempted to prove that the prior assault was against a family member through the testimony of Jacobs. Jacobs testified that she and Appellant were living together during the early part of 1996. The State went further and asked Jacobs specifically if she and Appellant were living together during June of 1996. She testified that she was living with Appellant in June of 1996. Jacobs further testified that the assault took place in June of 1996.

After viewing the evidence, we hold that a rational trier of fact could have found that Appellant and Jacobs were living together when the prior assault took place. The evidence was legally sufficient to find that the 1996 assault was against a family member and could be used to enhance the present assault. We overrule Appellant's third point on appeal.

## VI. Conclusion

Having overruled all of Appellant's points on appeal, we affirm the trial court's judgment.

LIVINGSTON, J., filed a dissenting opinion.

TERRIE LIVINGSTON, Justice, dissenting.

I respectfully dissent because I believe the trial court improperly admitted extrinsic evidence to now show that a prior assault conviction was actually an assault against a family or household member. *See* Tex. Penal Code Ann. § 22.01(b)(2) (Vernon Supp.2003). I believe that the State is prohibited from collaterally attacking a prior judgment that does not contain the family violence finding. Article 42.013 *requires* the trial court to include an affirmative finding of family violence in any Title 5 assault when the court finds that family violence occurred. Tex.Code Crim. Proc. Ann. art. 42.013 (Vernon Supp.2003). Because the prior judgment contains no such finding, the State should not be allowed to re-try that fact issue in a subsequent prosecution. "[C]ollateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly adjudicated." *Ex parte Watkins*, 73 S.W.3d 264,

267 (Tex.Crim.App.2002), *aff'g* 52 S.W.3d 858 (Tex.App.-Fort Worth 2001, pet. granted).

I would sustain appellant's third issue, reverse the judgment and remand the case back to the trial court for entry of a correct judgment and a retrial of punishment.