TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00306-CR






Lesley Wayne Connor, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-03-1172-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury found appellant Lesley Connor guilty of assault on a family or household
member and making a terroristic threat. See Tex. Pen. Code Ann. §§ 22.01, .07 (West Supp. 2004-05). Connor does not dispute that he both assaulted a woman and made threats. Rather, in two
issues, Connor asserts that there was legally and factually insufficient evidence that he was a member
of the victim's household. We will affirm the conviction.


BACKGROUND


 According to trial testimony, at the time of the offense, Jennifer Alejandro lived in
a house with her two children; her aunt, Katherine Rodriguez; and Rodriguez's two children. Ms.
Alejandro met Connor in August 2003. They began dating a week later, and Connor moved into her
house around September 4th. Connor and Alejandro shared a bed in the same room where
Alejandro's children also stayed. After moving in, Connor helped Alejandro pay an electric bill and
paid to have the family's telephone services connected.

 On September 21, approximately three weeks after Connor had moved in, Alejandro
and Connor began arguing while lying in bed. Connor threatened to stab Alejandro with a knife that
was lying beside him. Alejandro testified that she was afraid to move. After Connor left to go to
the store, Alejandro made arrangements to remove her children from the home and called the police. 
She reported that Connor had made death threats against her. Officers Matthew Baldwin and Steve
Dophied of the San Angelo Police Department responded. Baldwin went to Alejandro's house while
Dophied searched for Connor, whom he located on his way back from the store. Because the report
involved a death threat, Dophied searched Connor for weapons and located Connor's pocket knife,
which Connor voluntarily gave Dophied. See Terry v. Ohio, 392 U.S. 1, 27 (1968). According to
Officer Dophied, Connor appeared surprised that Alejandro had reported a problem.

 Connor rode with Dophied back to the house. Upon their arrival, Baldwin told
Dophied that Alejandro wanted Connor to leave. Connor told Dophied he would gather his things
and leave voluntarily. However, as Connor gathered his belongings, he began arguing again with
Alejandro. After Connor threatened Alejandro in Baldwin's presence, and it otherwise "became
obvious that [Connor] was not going to leave the house unless made to do so," Baldwin decided to
arrest Connor. As Baldwin grabbed Connor's left arm to handcuff him, Connor, in the presence of
both police officers, punched Alejandro in the face with his right fist. Connor continued lashing out
at Alejandro as the officers attempted to handcuff him, kicking Alejandro and grabbing at her hair. 
Eventually, the two officers succeeded in handcuffing Connor. As they were escorting Connor to
the patrol car, Connor threatened to burn Alejandro's house down and kill Alejandro "if it takes the
rest of my [expletive] life."

 Connor was indicted for assault of a household member and retaliation. A jury found
him guilty of assault of a household member and of making a terroristic threat. After enhancements,
the court assessed punishment at eighty-five years' confinement for the assault charge and one
hundred-eighty days' confinement in county jail for the terroristic threat. This appeal followed.


DISCUSSION


 Connor does not dispute that he assaulted and threatened Ms. Alejandro but, in two
issues, challenges the sufficiency of the evidence that he was a member of Alejandro's household
under the meaning of penal code section 22.001. See Tex. Pen. Code Ann. § 22.001.


Standard of review

 In evaluating the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Russeau v. State, No. AP-74,466, 2005
Tex. Crim. App. LEXIS 976, at *7 (Tex. Crim. App. June 29, 2005) (citing Jackson v. Virginia, 443
U.S. 307, 319 (1979)). In a factual sufficiency review, we view all of the evidence in a neutral light
and will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and
unjust, or the contrary evidence is so strong that the "beyond a reasonable doubt" standard of proof
could not have been met. Russeau, 2005 Tex. Crim. App. LEXIS 976, at *8-9; see Zuniga v. State,
144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).


Household member

 Connor concedes that an assault occurred, but asserts that there is legally and factually
insufficient evidence that Connor was a household member because he had only been living with
Alejandro as an overnight guest for three weeks. See Tex. Fam. Code Ann. § 71.005 (West 2002). 
Connor also attributes significance to the fact that the State initially charged him only with criminal
trespass and that, a few weeks after his judgment of conviction for assault of a household member,
he apparently pled no contest to the still-pending trespass charge and was convicted. See Tex. Pen.
Code Ann. § 30.05 (West Supp. 2004-05) (element of criminal trespass is lack of consent to enter
premises). (1) Connor was ultimately charged with intentionally, knowingly, or recklessly causing
bodily injury to a member of his family or household, a third-degree felony. See id. § 22.01. There
was evidence at trial that Connor had previously been convicted of an offense against a member of
his family or household under section 22.01. See id.

 Although the District Attorney suggests that "certainly, there are grounds to appeal
his criminal trespass conviction," we agree that this subsequent conviction has no bearing on our
analysis of the evidence supporting his prior conviction for assault of a household member,
especially where the facts underlying the trespass conviction are not in the record before us. (2) Under
section 22.001, "household" is defined as a unit composed of persons living together in the same
dwelling, without regard to whether they are related to each other. Id. § 22.001(e)(2) (incorporating
definition of "household" from the family code); Tex. Fam. Code Ann. § 71.005. "Member of a
household" includes a person who previously lived in a household. Tex. Fam. Code Ann. § 71.006
(West 2002). Connor argues that the evidence is insufficient to support a finding that he was a
member of Alejandro's household because there was no "evidence of the terms of the living together
agreement between the parties," no evidence that Connor paid rent, and no evidence that Connor had
a key or a right to include or exclude persons from the residence. Connor also points to Baldwin's
testimony that he had originally planned to arrest Connor for criminal trespass because he did not
believe Connor lived with Alejandro. Baldwin explained that Alejandro had told him that Connor
had been staying with juveniles who were repeatedly in legal trouble, and because she was concerned
about him, she offered to let him stay at her house. Baldwin explained that he told Connor he was
under arrest for criminal trespass because, at the time, Baldwin did not have any information that
would support any type of claim to the house by Connor. Dophied added that, at the time of the
arrest, he had no opinion whether Connor was a member of Alejandro's household.

 A police videotape of the incident was also introduced into evidence. In it, Baldwin
stated "so he's-he's staying here, then, he's not living here." Alejandro responded "No, he is not
living here." However, Connor then asked if he could stay one more night, until he could get his
stuff back. Baldwin told him that, in light of all of his threats, he would not be allowed to stay. 
Connor told Baldwin, "I got a lot. I'm getting all my stuff." There was also evidence that Connor
owned a VCR, stereo, pair of underwear, and socks at the home.

 Moreover, Alejandro testified that she and Connor had been sharing a bed for
approximately three weeks before the assault, and that they had had a sexual relationship. 
Alejandro's aunt, Rodriguez, further testified that Connor had been living in the house two to three
weeks and that he had paid to have their telephone services connected. There was no evidence that
Connor had stayed at any other location during this period, or that he had resided elsewhere within
the house other than with Alejandro and her children. See id. § 71.005. Finally, while the police
were helping Connor vacate the premises, Connor stated "let me get my thoughts together . . . get
me a place to stay. I ain't got no place to stay, man." (Emphasis added).

 The legislature has provided that one is not a member of a household unless there is
proof that the persons are "living together in the same dwelling." Id. In Coleman v. State, the
evidence was insufficient that the defendant was a member of the household where none of the
witnesses testified that the victim had lived with the defendant at the time he was killed or that the
victim had ever lived in the same residence with the defendant. No. 05-01-01662-CR, 2003 Tex.
App. LEXIS 2105, at *6-8 (Tex. App.-Dallas 2003, pet. ref'd) (not designated for publication). By
contrast, in Goodwin v. State, the Fort Worth Court of Appeals found that testimony that the
defendant and the victim had been living together at the time of an assault was legally sufficient
evidence that the assault was against a family member. 91 S.W.3d 912, 920 (Tex. App.-Fort Worth
2002, no pet.). Similarly to Goodwin, there is evidence here that Connor had been living with
Alejandro for approximately three weeks at the time of his assault, that they had had a sexual
relationship, that he had paid to have the phone connected, and that he admitted that he had no other
place to stay. Relying on this evidence, a rational juror could have found that Connor was a member
of Alejandro's household beyond a reasonable doubt. Russeau, 2005 Tex. Crim. App. LEXIS 976,
at *7. We overrule Connor's first issue.

 The same evidence supports our conclusion that the evidence was not so weak that
the verdict was clearly wrong and unjust. Moreover, evidence contrary to the verdict was not so
strong that the "beyond a reasonable doubt" standard of proof could not have been met. Id.; see
Zuniga, 144 S.W.3d at 484-85. We overrule Connor's second issue.


CONCLUSION


 Having overruled the issues on appeal, we affirm the judgment of the district court.



 

 Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed 

Filed: August 11, 2005

Do Not Publish

1. Although the criminal trespass judgment of conviction is not in the record, Connor attached
it as an appendix to his brief, and the District Attorney acknowledges that, less than a month after
Connor was sentenced in this case, Connor pleaded no contest to the trespass charge. Evidently the
Tom Green County Attorney, as distinguished from the District Attorney, prosecuted the criminal
trespass charge. 
2. However, we express no opinion regarding any issues Connor might raise against his
criminal trespass conviction, as it is not before us.