Opinion issued July 20, 2006





     









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00589-CR




VICTOR MANUEL RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6 
Harris County, Texas
Trial Court Cause No. 1283054




MEMORANDUM OPINIONAppellant, Victor Manuel Rodriguez, was charged by information with the
Class A misdemeanor offense of assault.


 The jury found appellant guilty of the
lesser offense of Class C misdemeanor assault by contact.


 The trial court assessed
punishment at a $250 fine and made an affirmative finding of family violence. On
appeal, appellant presents four points of error. Appellant contends that the trial court
should have granted a mistrial after the jury heard improper extraneous-offense
evidence, erroneously admitted hearsay testimony, and erred by making an
affirmative finding of family violence. 
          We affirm.
Background
          Appellant’s wife, Dolores Rodriguez, called 9-1-1 and reported that her
husband had pushed her into the wall. Harris County Deputy Constable Jeannette
Soefjes responded to the call. Dolores told Deputy Soefjes that appellant had pushed
her into the wall and to the floor during an argument. Deputy Soefjes noted that
Dolores had a small scratch below her eye and scratches on the inside of her thigh.
          Appellant was charged by information with Class A misdemeanor assault of
a family member. The case was tried to a jury three months after the altercation
between appellant and Dolores. By that time, Dolores had changed her account of
what had happened and no longer wanted the State to prosecute appellant. At trial,
Dolores acknowledged that she had told the 9-1-1 operator and Deputy Soefjes that
appellant had pushed her, but stated that she had been mistaken in her claim. Dolores
testified that she had lost her balance and had fallen. She characterized appellant’s
physical contact with her as accidental. 
Extraneous-Offense Testimony
          In his first and second points of error, appellant complains of Deputy Soefjes’s
trial testimony that Dolores told her that “this was not the first time that something
like this had happened, but it was the first time that it happened in front of her
children.” Appellant contends in his first point of error that Deputy Soefjes’s
testimony was inadmissible extraneous-offense evidence and that, despite a curative
instruction, the trial court should have granted a mistrial. Relatedly, in his second
issue, appellant complains of Deputy Soefjes’ testimony on the ground that the State
did not give him notice that it planned to introduce extraneous-offense evidence.
          The trial court orally instructed the jurors that they could not consider Deputy
Soefjes’s testimony indicating that appellant may have previously assaulted Dolores. 
In this regard, the record reveals as follows:
THE COURT: Ladies and gentlemen of the jury, you are hereby
instructed that certain evidence was admitted before you in regard to the
defendant possibly having committed a similar act or acts other than the
one for which he is now on trial. Such evidence cannot be considered
by you against the defendant as any evidence of guilt in this case. Do
I have your solemn word you will follow this instruction? Ma’am,
ma’am, ma’am, ma’am, sir, ma’am?
 
THE JURORS: Yes.
          In the jury charge, the trial court also gave the following instruction:
You are instructed that certain evidence was admitted before you in
regards to the defendant possibly having committed a similar act or acts
other than the one for which he is now on trial. Such evidence cannot
be considered by you against the defendant as any evidence of guilt in
this case and you will not consider it for any purpose.
          We agree with the State that, because the instruction was sufficient to cure any
harm associated with Deputy Soefjes’s testimony regarding extraneous acts, the trial
court properly denied appellant’s motion for mistrial. A trial court’s denial of a
motion for mistrial is reviewed under an abuse of discretion standard. Wood v. State,
18 S.W.3d 642, 648 (Tex. Crim. App. 2000). “A witness’s inadvertent reference to
an extraneous offense is generally cured by a prompt instruction to disregard.” Rojas
v. State, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). An exception exists when the
reference was clearly calculated to inflame the minds of the jury or was of such
damning character as to suggest it would be impossible to remove the harmful
impression from the jurors’ minds. Id.
          If a trial court instructs a jury to disregard, then we presume that the jury
followed the trial court’s instruction. See Bauder v. State, 921 S.W.2d 696, 698 (Tex.
Crim. App. 1996); Waldo v. State, 746 S.W.2d 750, 753 (Tex. Crim. App. 1988). 
“Only when it is apparent that an objectionable event at trial is so emotionally
inflammatory that curative instructions are not likely to prevent the jury being
unfairly prejudiced against the defendant may a motion for mistrial be granted.” 
Bauder, 921 S.W.2d at 698. 
          When reviewing error pursuant to the harmless error rule and the efficacy of
curative instructions, we may consider the following factors: (1) the nature of the
error; (2) the persistence of the prosecution in committing the error; (3) the flagrancy
of the violation; (4) the particular instruction given; (5) the weight of incriminating
evidence; and (6) the harm to the accused as measured by severity of the sentence.
See Waldo, 746 S.W.2d at 754. Irrespective of whether Deputy Soefjes’ testimony
constituted improper extraneous-offense evidence of which appellant did not have
proper notice, we find nothing in the record to suggest that the complained-of
testimony was of such a nature that any prejudice associated with it was not be cured
by the trial court’s instruction to disregard. 
          Deputy Soefjes’s reference to an extraneous offense was vague and isolated,
was not directly solicited by the State, was not emphasized, and was not further
referenced by the State. The State presented sufficient evidence that appellant had
committed a Class C misdemeanor assault. Even though Dolores had recanted her
claim that appellant had pushed her, it was for the jury, as the fact finder, to determine
which version of the events it would believe. The record reflects that, after the
defense objected, the trial court promptly instructed the jury to disregard the remark
and reminded the jury in the charge not to consider it in determining appellant’s guilt. 
          Based on the record and relying on the presumption that the jury followed the
trial court’s instruction, we discern no reason why the instruction to disregard failed
to cure any prejudicial effect that Deputy Soefjes’s testimony might have had. See
Rojas, 986 S.W.2d at 250. Thus, we hold that the trial court did not abuse its
discretion in denying appellant’s motion for mistrial. 
          We overrule appellant’s first and second points of error.
Hearsay Testimony
          In his third point of error, appellant contends that the trial erred by admitting
Deputy Soefjes’s testimony regarding what Dolores said to her when the officer
arrived at the residence in response to the 9-1-1 call.


 Appellant asserts that such
testimony was inadmissible hearsay. In this regard, appellant complains of not only
Deputy Soefjes’s testimony discussed above, but also her testimony regarding what
Dolores told her about the events surrounding the assault.
          We review a trial court’s decision to admit or exclude evidence under an abuse
of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).
That is, we will not reverse a trial court’s evidentiary ruling unless it falls outside the
zone of reasonable disagreement. Id.
          We agree with the State that the trial court would have been justified in
determining that Deputy Soefjes’s testimony regarding what Dolores told her was not
inadmissable hearsay because it fell within the excited utterance exception to the
hearsay rule. An excited utterance is defined as a “statement relating to a startling
event or condition made while the declarant was under the stress of excitement caused
by the event or condition.” Tex. R. Evid. 803(2); Salazar v. State, 38 S.W.3d 141,
154 (Tex. Crim. App. 2001). The critical factor in determining whether a statement
is an excited utterance is whether the declarant was dominated by the emotions of the
event at the time of the statement. Zuliani v. State, 97 S.W.3d 589, 596 (Tex. Crim.
App. 2003). Deputy Soefjes testified that, when she arrived at the scene, Dolores was
upset, had tears in her eyes, and was trembling. Given Dolores’s demeanor,
reasonable people could disagree about whether she was still dominated by the
emotions of her attack when she made the statements to Deputy Soefjes. See id. at
595–96. Therefore, the trial court did not abuse its discretion to the extent that it
concluded that Deputy Soefjes’s testimony fell within the excited utterance exclusion
and admitted the testimony.


 See Tex. R. Evid. 803(2). 
          We overrule appellant’s third point of error.
                                 Affirmative Finding of Family Violence
          In his fourth point of error, appellant contends that “the trial court’s finding of
family violence violated the jury’s verdict under article I, section 15 of the Texas
Constitution,” which establishes a party’s right to trial by jury. Tex. Const. art. I,
§ 15. 
          The jury was charged, in pertinent part, as follows:
Our law provides that a person commits the offense of [a]ssault of a
family member if the person unlawfully or recklessly causes bodily
injury to another person.
 
Our law also provides that a person commits the less serious crime of
assault by contact if he or she intentionally or knowingly causes physical
contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative.
The jury found appellant guilty of “assault by contact.” Appellant contends that, by
making an affirmative finding of family violence, the trial court “invalidated the
jury’s verdict by changing the character of the offense for which the Appellant was
convicted.” Appellant supports this contention as follows:
The jury’s verdict page gave the jury three options: one was to find the
Appellant guilty, another was to find the Appellant guilt [sic] of assault
of a family member and the third was to find Appellant guilt [sic] of
assault by contact. By the jury entering a verdict of guilty of assault by
contact, the jury refused to make a finding of assault on a family
member. The jury having rejected the family violence, so should the
judge have done and left the jury’s verdict intact.
We disagree that the trial court’s family-violence finding “invalidated the jury’s
verdict by changing the character of the offense for which the Appellant was
convicted.” 
          Code of Criminal Procedure article 42.013 statutorily obligates a trial court to
enter an affirmative finding of family violence in the judgment, if during the guilt
phase of trial, the court determines that the offense involved family violence as
defined by Family Code section 71.004(1). Butler v. State, 189 S.W.3d 299, 302
(Tex. Crim. App. 2006); see Tex. Code Crim. Proc. Ann. art. 42.013 (Vernon Supp.
2005). Penal Code section 22.01(b)(2) provides that the offense of assault is
ordinarily a Class A misdemeanor, but is enhanced to a felony “if the offense is
committed against: a member of the defendant’s family or household, if it is shown
on the trial of the offense that the defendant has been previously convicted of an
offense against a member of the defendant’s family or household under this section.” 
Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon Supp. 2005).
          By enacting article 42.013, the legislature sought to simplify the enhancement
of punishment for family violence repeat offenders. State v. Eakins, 71 S.W.3d 443,
444 (Tex. App.—Austin 2002, no pet.). Before article 42.013’s enactment, extrinsic
evidence was the only method of proving that a previous conviction for assault was
against a family member. Id. An affirmative article 42.013 finding of family
violence eliminates the need to use extrinsic evidence to enhance a subsequent
conviction for family violence. Godwin v. State, 91 S.W.3d 912, 919 (Tex.
App.—Fort Worth 2002, no pet.). This simplifies the enhancement process for
possible future assaults against a family member and promotes judicial economy. Id. 
          Here, the trial court’s affirmative finding of family violence did not serve to alter
or change the character of appellant’s conviction or otherwise “invalidate” the jury’s
verdict. There is no indication in the record that the affirmative family-violence
finding was used to enhance the offense. See Tex. Pen. Code Ann. § 22.01(b)(2). The
record indicates that appellant was charged with and convicted of a single count of
assault, and there is no indication that appellant had been previously convicted of an
offense involving family violence. The judgment reflects that appellant was convicted
of Class C misdemeanor assault, nothing more. The punishment assessed against
appellant—a $250 fine—was within the punishment range allowed for a Class C
assault. See Tex. Pen. Code Ann. § 12.23 (Vernon 2003) (providing that “[a]n
individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not
to exceed $500”). At most, the family-violence finding will serve to enhance, from a
misdemeanor to a felony, any future assault that appellant may commit against a family
member. See Tex. Pen. Code Ann. § 22.01(b)(2). 
          We also disagree with appellant that the affirmative finding of family violence
conflicts with the jury’s verdict. Appellant contends that the jury’s finding that
appellant was guilty of the offense of “assault by contact,” rather than the offense of
“assault of a family member,” indicates that the jury rejected a finding of family
violence. This is not necessarily the conclusion to be drawn from the verdict. The jury
may have rejected the “assault on a family member” offense because it did not find that
appellant “unlawfully or recklessly caused bodily injury to another person,” which, as
defined in the jury charge, was an element required to convict appellant of “assault of
a family member.”
          Appellant also contends that the affirmative finding of family violence is
insupportable because the Family Code’s definition of “family violence” requires a
showing that the defendant’s acts were intended to result in physical harm, bodily
injury, or assault. See Tex. Fam. Code Ann. § 71.004(1) (Vernon 2002). Appellant
asserts that the jury could not have found that he acted intentionally because the
application paragraph in the charge did not require the jury to find intentional conduct. 
          We find appellant’s argument to be without merit. The trial court, not the jury,
determines whether an affirmative family-violence finding should be made. Article
42.013 assigns the responsibility for making the family-violence finding solely to the
trial court and requires the trial court to make such finding if it determines that the
offense involved “family violence,” as defined in the Family Code. See Tex. Code
Crim. Proc. Ann. art. 42.013. The Court of Criminal Appeals recently held that an
article 42.013 family-violence finding is properly made by the trial court, rather than
the jury, if, as in this case, the finding does not serve to increase the defendant’s
punishment.


 Butler, 189 S.W.3d at 302–03. 
          Appellant further contends, without substantive argument or authority, that
“[t]he evidence does not support any intentional act as required by section 71.004.” 


We disagree. The State presented evidence that appellant pushed Dolores, appellant’s
wife, against the wall and also pushed her to the ground causing injuries to her face
and leg. Such evidence sufficiently supported the trial court’s finding of family
violence.
          We overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
                                                   Laura Carter Higley
                                                   Justice
 
Panel consists of Justices Jennings, Hanks, and Higley
 
Do not publish. Tex. R. App. P. 47.2(b).