In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00118-CR

                                                ______________________________

 

 

                                 TIMOTHY HEATH LESTER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23967

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Timothy Heath Lester was convicted
of four counts of sexual assault of a child, habitual offender, and received
enhanced punishment sentences of ninety-nine years’ imprisonment for each
count.  Lester appeals his convictions on
the sole ground that the trial court erred by excluding evidence of his
victim’s “mental health issues.”  We find
no abuse of discretion in the trial court’s exclusion of the evidence, overrule
Lester’s sole point of error, and affirm the trial court’s judgment. 

I.          Standard
of Review

            A trial court’s decision to admit or
exclude evidence is reviewed only for abuse of discretion.  McDonald
v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  A trial court does not abuse its discretion
if the decision to exclude evidence is within the “zone of reasonable
disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh’g).  We may not substitute
our own decision for that of the trial court. 
Moses v. State, 105 S.W.3d
622, 627 (Tex. Crim. App. 2003).  If the
trial court’s decision on the exclusion of evidence is supported by the record,
there is no abuse of discretion, and the trial court will not be reversed.  Osbourn
v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at 379. 


II.        Admissibility
of “Victim’s Mental Health Issues” 

            On appeal, Lester argues that the
trial court erred in excluding the mother’s testimony because he was “entitled to
impeach a witness with evidence that might go to any impairment or disability
affecting the witness’s credibility.” 
Before evidence is admissible, it must be relevant as defined by Rule
401 of the Texas Rules of Evidence.  Tex. R. Evid. 401, 402.  Evidence is relevant if it has “any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.” Tex. R. Evid.
401.  

            “The law is well settled that the
credibility of the witness, and the weight to be given his or her testimony, is
a matter for the jury to decide.”  Perry v. State, 236 S.W.3d 859, 865
(Tex. App.—Texarkana 2007, no pet.).  “[T]he
jury is entitled to hear evidence as to the mental status of the witness and
the extent of his or her mental impairment.” 
Id. (citing Saucier v. State, 235 S.W.2d 903, 915–16
(1950) (op. on reh’g)); Bouldin v. State,
222 S.W. 555, 557 (1920).

            Thus, cross-examination of a
testifying “witness to show that the witness has suffered a recent mental
illness or disturbance is proper, provided that such mental illness or
disturbance is such that it might tend to reflect upon the witness’s
credibility.”  Virts v. State, 739 S.W.2d 25, 30 (Tex. Crim. App. 1987).  However, “the mere fact that the State’s
testifying witness has in the recent past suffered or received treatment for a
mental illness or disturbance does not, for this reason alone, cause this kind
of evidence to become admissible impeachment evidence.”  Id.  In determining whether evidence is
relevant, courts look to the purpose for offering the evidence and whether
there is a direct or logical connection between the offered evidence and the
proposition sought to be proved.  Goodwin v. State, 91 S.W.3d 912, 917
(Tex. App.—Fort Worth, no pet.) (citing
Reed v. State, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet.
ref’d)).  

III.       The
Excluded Evidence

            Lester’s counsel was cross-examining
the victim’s mother when he asked, “Now, your child had a lot of emotional
problems, has she not?”  The victim’s
mother answered, “Due to this, yes.”[1]
 The State objected, and the trial court
held a hearing outside the jury’s presence in which Lester’s counsel argued,

Your
Honor, if the child -- extraneous bad acts or conduct of the child is not about
her emotional stability.  That’s not a
bad act or that’s not extraneous conduct, that’s -- we’re talking about her
emotional stability. . . .

            The whole thing about this case is
this child’s credibility.  The fact that
she has had emotional difficulties; that’s [sic] she has been hospitalized in a
mental institution -- . . . on three different occasions is not a bad act. 

 

The
State argued, “The fact that she might’ve had emotional problems as a result of
whatever it may be, shouldn’t come in whether this man committed this crime or
not.”  The court sustained the State’s
objection. 

            Lester’s counsel asked the court to
“make a Bill,” and was allowed to question the mother outside the jury’s
presence.  The testimony during the offer
of proof established that the child was twice hospitalized for emotional
difficulties, attempted to harm herself, threatened to kill herself,
“self-mutilat[ed] herself” to “deal with the situation” when the mother “put
her under house arrest,” and that the last instance of self-mutilation occurred
in March 2011.  Throughout the trial, the
child victim expressed her love for Lester, and the emotional difficulties she
experienced appeared to stem from her forced isolation from him.  

IV.       Analysis


            The record in this case demonstrated
that the child’s emotional issues manifested after her involvement with Lester
was discovered.  During direct
examination, the victim’s mother testified Lester was spending time with her
daughter during the summer and had purchased a cell phone for her daughter.[2]  The mother testified she allowed the two to
spend time with each other “until it got to a point that me and her daddy
thought something was going on . . . . When we tried to intercept, she got
aggressive and started, you know, retaliating, wanting to kill herself, stuff
like that.  That’s when we knew something
was wrong.”  The mother also added that her
daughter “was self-mutilating herself to deal with” the “house arrest” she was
placed on by her parents, and that the daughter had emotional problems “[d]ue
to this.”  

            We are unable to pinpoint an
argument as to how the evidence of this child’s emotional disturbance occurring
after the alleged acts could be used to impeach her credibility.[3]  There was no suggestion that these emotional
problems could impair her ability to recall events, would contribute to a
motive to fabricate the allegations, or would otherwise compromise the victim’s
credibility.  Thus, the trial court was
within its discretion to determine there was no logical nexus connecting the
victim’s emotional problems with her credibility.  We overrule Lester’s sole point of error.[4] 

V.        Conclusion


            We affirm the trial court’s
judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          December 12, 2011

Date
Decided:             December 14, 2011

 

Do
Not Publish

 











[1]This
response was never struck from the record, and the jury was not asked to
disregard the response. 





[2]The
mother could not remember what date the cell phone had been purchased.  

 





[3]The
State alleged that Lester had committed sexual assault of a child in August and
September 2010.  Lester’s brief states
that the victim’s mother testified the child “had been admitted to two
different mental institutions, had attempted on more than one occasion to harm
herself, . . . and that this had continued from at least the Summer of 2010
until March, 2011.”  The brief
specifically argues “these mental problems had existed either prior to or
contemporaneously with the alleged crime.” 
We do not believe that the record establishes Lester’s proposition.  The support for Lester’s assertions in the
brief cites to the following portion of the offer of proof:  “Q.  I
believe you testified earlier that sometime in the summer -- and pardon me, I
don’t have the date -- sometime in the summer of 2010, she made a threat to
you, or expressed that she was going to kill herself or harm herself . . . ?  A.  Yes.
 But can I explain why?”  The mother did not give a time frame for the
emotional disturbances during her direct examination other than stating they
began after the child’s parents began to suspect the nature of the improper
relationship.  She further clarified
during the offer of proof that her daughter was “hurting herself to deal with
the situation” after
placement on “house arrest.”  

 





[4]Moreover, Lester is unable to demonstrate harm.  Substantial rights are not affected by the
erroneous admission or exclusion of evidence “if the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect.”  Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (footnotes omitted).  If the evidence is generally cumulative of
other evidence introduced in the case, no harm attaches.  See
Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (holding that
to show harm, the excluded evidence must be controlling on a material issue and
not cumulative of other evidence).  The
offer of proof was generally cumulative to the mother’s testimony during direct
examination.