

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00235-CR

_____

WESTLEY MICHAEL ELLETT, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1720023

_____

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Westley Michael Ellett appeals from his felony conviction for assault causing bodily injury; the assault was committed against a person with whom he had a family or dating relationship. *See* Tex. Penal Code Ann. § 22.01.[1] The offense was charged as a felony because Ellett had previously been placed on deferred adjudication for an assault against his then-girlfriend. *See id.* § 22.01(b)(2). Ellett argues that the State was estopped from using the prior offense because in the plea agreement for that offense, the State had waived a family-violence finding. Because we hold that the State was not estopped from proving that Ellett had previously committed an assault offense against someone with whom he had a family or dating relationship, we will affirm.

### Background

In 2011, Ellett assaulted the woman he was dating. In 2012, he pled guilty to that offense under the terms of a plea agreement. The plea document reflects the State's recommendation that Ellett be placed on two years' deferred adjudication with a $200 fine and its agreement to waive a "FM [family member] finding," presumably referring to a family-violence finding under Texas Code of Criminal Procedure Article 42.013. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (providing that "[i]n the trial of an

---

[1]The statute describes the connection to a defendant as a "relationship to or association with the defendant . . . described by Section 71.0021(b), 71.003, or 71.005, Family Code." *See* Tex. Penal Code Ann. § 22.01(b)(2). For simplicity, for purposes of this opinion we use the phrase "family or dating relationship."

offense under Title 5, Penal Code [which includes assaultive offenses], if the court determines that the offense involved family violence" as defined in the Texas Family Code, "the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case"). The trial court's deferred-adjudication order stated that the court had followed the plea agreement, but it nevertheless also stated, "The [trial c]ourt [a]ffirmatively finds that [Ellett] committed an offense involving [f]amily [v]iolence."

In 2021, Ellett was again charged with assaulting and causing bodily injury to someone with whom he had a family or dating relationship. Specifically, he was charged with one count of assault causing bodily injury by impeding breath or circulation (count one) and one count of assault causing bodily injury by striking, grabbing, pushing, or scratching (count two), and the complainant in each count was alleged to be someone with whom Ellett had a family or dating relationship. The indictment further alleged that Ellett had been previously convicted of assault causing bodily injury against someone with whom he had a family or dating relationship. This allegation elevated the offense from a misdemeanor to a felony. *See* Tex. Penal Code Ann. § 22.01(b)(2), (f) (providing that for purposes of that section, if the defendant previously pled guilty to an offense described in Subsection (b)(2) in exchange for the grant of deferred adjudication, the grant of deferred adjudication is considered a conviction).

At trial, the State offered evidence to prove up the 2012 conviction. When questioning a corporal from the Tarrant County Sheriff's Office, the State offered the 2012 deferred adjudication order and other related documents. Ellett objected, took the witness on voir dire, and showed the witness a nunc pro tunc deferred-adjudication order that had been signed earlier that day. The "Nunc Pro Tunc Order Correcting Minutes of the Court" states that the prior order's affirmative family-violence finding should be corrected and that "it is therefore ordered, adjudged[,] and decreed by the court that the entry be amended and corrected to recite as follows: No Affirmative Finding of Family Violence found." Based on the nunc pro tunc, Ellett "object[ed] to that [j]udgment coming in" and argued that the indictment was deficient and that the State would not be able to prove its case.

The trial court continued the case to allow the parties to research the effect of the nunc pro tunc order. Each side submitted a bench memo to the trial court. When trial resumed, the trial court heard arguments from both sides and then overruled Ellett's objections.

During the State's case, the complainant in the 2012 case testified about the prior offense and the fact that, at the time of the offense, she and Ellett were dating. The jury convicted Ellett on count two but hung on count one, and the trial court declared a mistrial on that count. On count two, the trial court sentenced Ellett to four years' confinement in the ID-TDCJ. Ellett filed a motion for new trial asserting that the trial court had committed a material error by admitting evidence of the prior

4

assault "that lacked a finding of family violence because the [S]tate had agreed to waive such a finding." The trial court overruled the motion by operation of law.

## Discussion

In Ellett's sole issue on appeal, he argues that the State was estopped from using the 2012 conviction in this case. He argues that the waiver of the family-violence finding in the 2012 case was negotiated between the parties—Ellett agreed to waive his right to trial, his right to plead not guilty, and his right to a jury, and the State agreed to waive its allegation of family violence—and that the State should be required to accept the burden that the parties' agreement placed on it. The State counters that despite the absence of a family-violence finding in the 2012 deferred adjudication order, the State was nevertheless permitted to make a showing that Ellett had previously been convicted of an assault against someone with whom he had a family or dating relationship. We agree with the State.

## I. Assault and Family Violence

A person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." *Id.* § 22.01(a)(1). In a trial for this offense, if the trial court determines that the offense involved "family violence" as defined by Family Code Section 71.004, then the trial court must "make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." Tex. Code Crim. Proc. Ann. art. 42.013.

Family Code Section 71.004 defines "family violence" as

5

(1) an act by a member of a family or household against another member of the family or household that is intended to[2] result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself;

(2) abuse, as that term is defined by Sections 261.001(1)(C), (E), (G), (H), (I), (J), (K), and (M), by a member of a family or household toward a child of the family or household; or

(3) dating violence, as that term is defined by Section 71.0021.

Tex. Fam. Code Ann. § 71.004. "Dating violence" has a similar definition to the definition in Section 71.004(1); it refers to an act committed against "a victim . . . with whom the actor has or has had a dating relationship" that "is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault." *Id.* § 71.0021. Thus, if the State proves that the defendant committed assault causing bodily injury and also proves that the defendant's act was (1) committed against a person the defendant was dating or had dated and (2) was "intended to result in physical harm, bodily injury, or assault," then the trial court will include a finding in the judgment that the offense involved family violence.

---

[2]In *Meinzer v. State*, we noted a difference in the culpable mental state required to prove assault under Penal Code Section 22.01(b)(1)—"intentionally, knowingly, or recklessly"—versus the "intended to" mental state in Family Code Section 71.004. No. 02-23-00005-CR, 2024 WL 1100478, at *6 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication).

6

An affirmative finding of family violence can become relevant if the defendant is again charged with assault. An assault offense under Penal Code Section 22.01(a)(1) is a misdemeanor except under certain circumstances described in that section, in which case the offense is elevated to a felony. Tex. Penal Code Ann. § 22.01(b), (b-1), (b-2), (b-3), (b-4). One such set of circumstances is described in Subsection (b)(2)(A) and involves offenses against a person with whom the defendant had a family or dating relationship:

> (b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
>
> . . . .
>
> > (2) a person whose relationship to or association with the defendant is [a family or dating relationship], if:
> >
> > > (A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense that was committed:
> > >
> > > > (i) against a person whose relationship to or association with the defendant is [a family or dating relationship]; and
> > > >
> > > > (ii) [falls] under:
> > > >
> > > > > (a) this chapter. . . .

Id. § 22.01(b)(2)(A). For purposes of that subsection, if a defendant is granted deferred adjudication for an assault under Subsection (a)(1) against a person with

7

whom the defendant had a family or dating relationship, the grant of deferred adjudication is considered a previous conviction. *Id.* § 22.01(f).

Applying these provisions, under Section 22.01(b) an assault-causing-bodily-injury offense becomes a third-degree felony if (1) the assault was committed against a person with whom the defendant had a family or dating relationship; (2) the defendant has previously been convicted of assault causing bodily injury; and (3) the complainant of that prior assault was a person with whom the defendant had a family or dating relationship. *Id* § 22.01(b)(2)(A). The State can prove the relationship in the prior case by producing a prior assault-causing-bodily-injury judgment that contains an affirmative finding of family violence. *See* Tex. Code Crim. Proc. Ann. art. 42.013; *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.). Doing so relieves the State of having to produce evidence to prove the relationship in the prior case. *See Goodwin*, 91 S.W.3d at 919; *see also Meinzer*, 2024 WL 1100478, at *4 ("A family[-]violence finding in an earlier assault case would certainly resolve any dispute about whether the earlier assault was against a family member.").

But in the absence of an affirmative finding in the prior judgment, the State can use testimony or other evidence to prove the relationship between the defendant and the prior complainant. *See Wingfield v. State*, 481 S.W.3d 376, 380–81, n.9 (Tex. App.—Amarillo 2015, pet. ref'd); *Goodwin*, 91 S.W.3d at 919; *see also Meinzer*, 2024 WL 1100478, at *3 (noting that "the absence of a family violence finding is not

an impediment to a finding in a later case that the earlier assault was against a family member").

## II. Analysis

Ellett argues that under the parties' 2012 plea agreement, the State is estopped from using the prior conviction for purposes of Section 22.01(b)(2).[3] We disagree.

Estoppel may apply in a criminal case when a party takes a position inconsistent with essential facts recited in the plea agreement to the prejudice of another, *Ex parte Lozoya*, 666 S.W.3d 618, 622 (Tex. Crim. App. 2023) (discussing "estoppel by contract"), or when one has accepted the benefits of a plea agreement but later questions the agreement's existence, validity, or effect, *id.* (discussing "estoppel by acceptance of benefits under a contract"); *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (discussing the doctrine and the related "estoppel by

---

[3]The State contends that Ellett's issue is a challenge to the indictment and that he failed to preserve his complaint because he did not raise it before trial. At trial, Ellett argued both that the indictment was deficient and that, because of the nunc pro tunc order, "ultimately [the prosecutors were] not going to be able to prove their case." Although Ellett's opening brief was not entirely clear as to which argument he was raising on appeal, his reply brief clarifies that he is not challenging the indictment and that his issue is that "the [S]tate, by its prior agreement, was estopped from using the conviction in the prior case to prove that this case was a subsequent family violence case." *See Walker v. State*, No. 02-19-00309-CR, 2020 WL 7063298, at *2 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op., not designated for publication) (stating that a prior conviction for assault causing bodily injury against a person with whom the defendant had a family or dating relationship is an element of the offense under Section 22.01(b)(2)(A)). Accordingly, we conclude that preservation is not at issue.

judgment" under which a party who accepts the benefits of a judgment is estopped to deny its validity or to reject its consequences).

Here, the plea agreement contains no agreement restricting the State's future use of the charge or that would prevent the State from proving the relationship between Ellett and the complainant in the 2012 case. From the plea documents in the record, the plea agreement called for the 2012 deferred-adjudication order to have no family-violence finding included in it, and with the nunc pro tunc order, the 2012 deferred-adjudication order accords with the parties' agreement. Thus, if the State wanted to use the 2012 conviction in the future to prove an assault under Section 22.01(b)(2)(A), the State had the burden to produce evidence to prove that the person whom Ellett had assaulted in that case was someone with whom Ellett had a family or dating relationship.

Ellett contends that "it appears that the parties [in the 2012 case] believed that waiving the 'family[-]violence finding' would make [the 2012] case unavailable to prove a prior family[-]violence conviction." But the plea documents do not reflect such a belief by the parties. We cannot presume that the parties meant to agree to something other than what is included in the plea documents. *See Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988).

Under the agreement as expressed in the plea documents, the State recommended a $200 fine and deferred adjudication and agreed that the deferred-adjudication order would not include a family-violence finding. That agreement did

10

not make it impossible for the State to use the 2012 conviction to elevate a future assault offense, but it did make it more difficult. Avoiding a family-violence finding also allowed Ellett to avoid some other possible collateral consequences. *See, e.g.*, Tex. Gov't Code Ann. § 411.1355 (requiring Department of Public Safety to maintain a public database of persons who had on at least two occasions been convicted of an assault offense for which an affirmative finding was made under Article 42.013); Tex. Bus. & Com. Code Ann. § 106.005 (addressing background checks by online-dating service providers[4] and requiring those that do background checks to disclose whether they exclude persons who have been convicted of an offense for which an affirmative finding was made under Article 42.013); *Meinzer*, 2024 WL 1100478, at *5 (discussing some collateral consequences of family-violence finding). No language in the plea documents expresses or implies an agreement between the parties that the State would be barred from using the 2012 case to satisfy Penal Code Section 21.02(b)(2)(A).

Ellett and the State made an agreement, and the State has complied with that agreement. Thus, we cannot say that the State has taken a position inconsistent with the terms of the plea agreement; nor can we say that, after accepting the agreement's benefits, the State is questioning the agreement's existence, validity, or effect. *See*

---

[4]Ellett and the complainant in this case met through an online-dating service provider.

*Lozoya*, 666 S.W.3d at 622; *Rhodes*, 240 S.W.3d at 891. We therefore overrule Ellett's issue.

## Conclusion

Having overruled Ellett's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 3, 2025

12