NO. 07-10-0298-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2011

_____

RODNEY LAMAR TANNER a/k/a ROBERT LAMAR TANNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1158160D; HON. GEORGE GALLAGHER, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD. S.J.[1]

Appellant appeals his conviction for assault causing bodily injury to a family member, a third degree felony. He challenges the sufficiency of the evidence elevating the conviction to a felony from a misdemeanor. That is, he does not dispute that he committed misdemeanor assault. Instead, he believes the State failed to prove that he committed a prior assault involving family violence, and that was a condition precedent

_____

[1]John T. Boyd, Senior Justice, sitting by assignment.

to his being convicted of felony assault. We agree, sustain his issue and reverse and remand the cause.

## *Background*

Appellant was indicted for assaulting a family member, which conviction was enhanced to a felony due to a purported prior conviction for assaulting a family member. Yet, the judgment evincing the prior conviction said nothing about the assault having been made upon or having involved a family member. Nor did anyone so testify. Instead, the State tendered into evidence the purported plea agreement entered into by appellant resulting in the prior conviction. And, that document indicated that appellant had been "charged" with "assault – BI – FM." Nevertheless, no one testified what was meant by "BI – FM." Instead, the prosecution simply argued during its closing that the initials alluded to or somehow meant "family violence."

## *Issue – Sufficiency*

Although appellant has challenged both the legal and factual sufficiency of the evidence, we conduct a review only to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). So, we will simply consider whether the evidence was legally sufficient to support the conviction.

Furthermore, a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. §22.01(a)(1) (Vernon Supp. Pamp. 2010). Such an "offense . . . is a felony of the third degree if the offense is committed against . . . a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or

2

71.005, Family Code, if : it is shown on the trial of the offense that the defendant has been previously convicted of an offense . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code."  *Id.* §22.01(b)(2)(A).

In the case at bar, appellant contends that the State failed to prove that he had once before been convicted of family violence.  This is so because the judgment of the prior conviction failed to "name the assaulted person . . . or what relationship-if any-the person" had to appellant.  Furthermore, the initials "FM" were never explained during trial and the State's closing argument regarding their meaning is not evidence.  We agree.

Article 42.013 of the Texas Code of Criminal Procedure requires that a "court shall make an affirmative finding of [the] fact [that the offense involved family violence] and enter the affirmative finding in the judgment of the case."  TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon 2006).  However, the Court of Criminal Appeals found that even though "[i]t is certainly the better practice for trial courts to make and enter the required family violence finding in appropriate cases" since it "avoids the need for extrinsic evidence and the possible complications attendant to its introduction,"  the absence of the finding in a "judgment of conviction for a previous assault does not in itself preclude the introduction of extrinsic evidence that the previous assault was committed against a family member."  *State v. Eakins,* 71 S.W.3d 443, 445 (Tex. Crim. App. 2002).

Examples of the types of extrinsic evidence that have been found sufficient to support a finding that the defendant was convicted of a prior crime involving family

3

violence include 1) testimony from the victim of the prior assault, *Salazar v. State,* No. 01-04-1190-CR, 2005 Tex. App. LEXIS 9600, at *9 (Tex. App.–Houston [1st Dist.] November 17, 2005, pet. ref'd) (not designated for publication); *Manuel v. State*, No. 01-04-0282-CR, 2005 Tex. App. LEXIS 3502, at *11-12 (Tex. App.–Houston [1st Dist.] May 5, 2005, pet. ref'd) (not designated for publication), 2) the admittance of copies of the complaint, information, waiver of rights, judgment and docket sheet which all include information that the assault had been perpetrated on a family member, *Vaughn v. State*, No. 06-06-0040-CR, 2007 Tex. App. LEXIS 3608, at *6-7 (Tex. App.–Texarkana May 11, 2007, no pet.) (not designated for publication), 3) the defendant's judicial confession, *Ledet v. State*, No. 14-04-0739-CR, 2006 Tex. App. LEXIS 1556, at *5-6 (Tex. App.–Houston [14th Dist.] February 28, 2006, pet. ref'd) (not designated for publication) (holding that appellant's judicial confession constituted extrinsic evidence, and it clearly showed the conviction was for assault on a family member) and 4) testimony from a witness to the assault or from the arresting officer. *See Salguero v. State,* No. 0101-508-CR, 2002 Tex. App. LEXIS 9104, at *4 (Tex. App.–Houston [1st Dist.] December 19, 2002, pet. ref'd) (not designated for publication) (holding that an example of extrinsic evidence that may be introduced is testimony of a witness to the family assault); *see also Collesano v. State,* No. 01-01-0984-CR, 2002 Tex. App. LEXIS 6559, at *6 (Tex. App.–Houston [1st Dist.] August 29, 2002, pet. ref'd) (not designated for publication) (holding that a stipulation between the parties as to the testimony of the arresting officer was sufficient extrinsic evidence). We have none of these examples in the case before us. Nor does the prosecution's argument during closing fill the void since such comments are not evidence. *Mata v. State*, 1 S.W.3d 226, 228 (Tex. App.–Corpus

Christi 1999, no pet.). Furthermore, no explanation in the form of evidence was ever given to the jury regarding the meaning of those two letters. Therefore, we find that the initials "FM" on a plea document fails to satisfy the State's burden to prove beyond a reasonable doubt that appellant was convicted of a prior offense involving family violence.

Accordingly, we sustain appellant's issue and reverse the judgment of the trial court and remand the cause for the entry of a reformed judgment of conviction of a misdemeanor offense and for assessment of an appropriate punishment. *See Crawford v. State,* No. 12-05-00293-CR, 2006 Tex. App. LEXIS 6520, at *11 (Tex. App.–Tyler July 26, 2006, no pet.) (wherein the court reversed the trial court's judgment and remanded the case back to that court to enter a judgment reflecting a misdemeanor assault conviction and for assessment of the appropriate punishment when the State failed to prove that the prior conviction for assault involved family violence).

Brian Quinn
Chief Justice

Publish.

5