

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00125-CR

RICHARD AHMED ZAMBRANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 132,487-2, Honorable Pamela Cook Sirmon, Presiding

February 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Richard Ahmed Zambrana appeals from his jury conviction of an assault against his wife causing bodily injury,[1] and the resulting punishment of 180 days confinement in the Potter County Jail, probated for eighteen months, and $500 fine plus court costs. Through two issues, appellant contends the trial court erred. We will affirm the judgment.

---

[1] TEX. PENAL CODE ANN. § 22.01 (West 2012).

Background

Appellant was charged by information alleging that in April 2011, he intentionally, knowingly or recklessly caused bodily injury to his wife Tina Alexander-Zambrana.[2] The couple married in March 2010. They separated in February 2011 but continued to "work on their marriage." Alexander filed for divorce in August 2011.

In April 2011, the couple went together to a cookout in Groom, Texas. Both parties consumed alcohol at that gathering. During the evening, appellant became angry with Alexander and later, while they drove back home, appellant again became angry with her. Appellant accused Alexander of flirting with another man.

Alexander's testimony at trial described further events of the evening, during which appellant bought and consumed additional beer, continued to accuse her of flirting with the other man at the cookout, and became angry when she would not agree to stay with him that night. Eventually, she testified, they argued and she told appellant she would not attend their marriage counseling session the next morning. Appellant then became angry and assaulted her in various ways. By her testimony, he threw her across the floor and into furniture, kicked her hips and thighs, grabbed her hair, shoved her into a wall, choked her, and slapped her face.

Alexander testified that after she saw that appellant was asleep, she crawled into the living room and slept on the couch. She told the jury her head hurt "so bad," her back hurt, her legs hurt and "kept trembling," and her throat was sore. The next

_____

[2] Hereafter, we refer to the victim of appellant's assault as Tina Alexander, which is the name by which she identified herself at trial.

2

morning, appellant apologized. The two drove separate cars to their marriage counseling appointment.

Alexander testified she did not report the assault to the police because she did not want her marriage to end, nor did she want appellant to lose his job as a firefighter.

A co-worker of Alexander's testified she observed "kind of blue and purplish" bruises on Alexander's arms at about the same time as the assault occurred. Alexander's sister also testified she saw dark bruises on her arm on April 10, 2011.

Appellant did not testify during the guilt-innocence phase of trial.

Following presentation of the evidence, the jury found appellant guilty of the offense as charged in the information and sentence was assessed as noted. This appeal followed.

## Analysis

### Defect in Court's Judgment

Appellant's first issue focuses on the manner in which the trial court's written judgment describes the offense of which he was convicted. His contention is the same as that he presented in his appeal of another conviction for assault on his wife, which appeal is this Court's Cause No. 07-12-00124-CR.[3]

---

[3] The two cases were tried two weeks apart. *See Zambrana v. State,* No. 07-12-00124-CR, ___ Tex. App. LEXIS ____ (Tex. App.—Amarillo February 24, 2014) (mem. op., not designated for publication).

The form of the information, jury charge, verdict form, and judgment in this case are very similar to the forms of those documents appearing in Cause No. 07-12-00124-CR. Like the judgment in Cause No. 07-12-00124-CR, the judgment in this case contains the language "Offense Convicted of: Assault, Domestic Violence," and "Degree of Offense: Class A misdemeanor." Like the other judgment, the judgment in this case also refers in several other places to the convicted offense as "Assault (Domestic Violence), a Class 'A' Misdemeanor." It recites the verdict of the jury as finding appellant "guilty of the offense of Assault, Domestic Violence, as charged in the Information." It adjudges appellant "guilty of the offense of Assault (Domestic violence), a Class 'A' Misdemeanor, as found by the Jury." It also contains a family violence finding.[4]

And, like in Cause No. 07-12-00124-CR, appellant argues here that the wording of the judgment reflected his conviction only of a Class C misdemeanor offense because it omitted any express reference to bodily injury. He again refers to the judgment's omission of an express reference to bodily injury as a "fatal variance," and again asserts it requires his acquittal of the Class A misdemeanor offense.

Like in Cause No. 07-12-00124-CR, appellant relies on our opinion in *Tanner v. State,* 335 S.W.3d 784 (Tex. App.—Amarillo 2011, no pet.) to support his position. For the same reason we have described in our opinion in Cause No. 07-12-00124-CR, we find *Tanner* does not aid appellant in this case. And, we find no variance on this record because, as was also true in Cause No. 07-12-00124-CR, there is no discrepancy between the information and the proof at trial. As we discuss later in this opinion, the

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2013) (requiring affirmative finding of family violence).

4

victim's testimony was sufficient to permit the jury to find appellant caused her bodily injury. *See Gollihar v. State,* 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (defining variance as occurring when there is a discrepancy between the allegation in the charging instrument and the proof at trial. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument").

Lastly, we note appellant cites no authority supporting his argument that because the judgment omits express reference to bodily injury, it must refer to assault as a Class C misdemeanor offense. *See Johnson v. State*, 409 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (modifying judgment but noting defendant cited no authority for complaint regarding manner in which offense was described in judgment).

We resolve appellant's first issue against him.

Sufficiency of the Evidence

By appellant's second issue, he contends the evidence supporting his conviction is insufficient.

In assessing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to

support a conviction." *Brooks,* 232 S.W.3d at 917 (Cochran, J., concurring). Our review of the evidentiary sufficiency leads ultimately to the question whether the jury's finding of guilt was a rational finding. *Id.* at 906-07.

The *Jackson v. Virginia* standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. When performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson,* 443 U.S. at 326; *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We measure the sufficiency of the evidence against the instructions of a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Penal Code section 22.01(a) provides that a person commits an offense by intentionally, knowingly or recklessly causing bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2012). The information alleged that:

> …on or about the 8th day of April, 2011, RICHARD AHMED ZAMBRANA did then and there intentionally, knowingly or recklessly cause bodily injury to TINA ALEXANDER by pulling her hair, slapping her face, grabbing her wrist, grabbing her arm, choking her, pressing on her neck, throwing her against a wall, or throwing her against furniture; and at the time of this offense, TINA ALEXANDER was a member of the defendant's family or a member of the defendant's household or a person with whom the defendant had or had had a dating

6

relationship, as defined by the Texas Family Code sections 71.0021(b), or 71.003, or 71.005.

Appellant specifically argues the evidence was insufficient to show his actions caused Alexander bodily injury. For this purpose, "bodily injury" means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West 2012). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009).

The prosecutor asked Alexander whether, after the assault, she was "feeling pain." As we have noted, Alexander testified her head hurt "so bad," her back hurt, her legs hurt and "kept trembling," and her throat was sore. From the context of her statement, the jury rationally could have inferred that the pain she referred to in several parts of her body was caused by the physical assaults from her husband which she had just described for the jury. *See Hooper*, 214 S.W.3d at 16 (an inference is a conclusion reached by considering other facts and deducing a logical consequence from them).

Appellant also points to other reasons why, in his view, Alexander's testimony could not support a rational finding of guilt. He argues her account of the assault was rendered untrustworthy by (1) evidence she was intoxicated at the time of the events; (2) her untruthful testimony concerning the amount she had to drink;[5] (3) her frequent responses to questions during testimony indicating she could not remember particular events or why she took particular actions; (4) her inability to explain adequately why she did not leave appellant's home after the attack but slept there; (5) her failure to make a

---

[5] Another person who attended the cookout testified Alexander drank more vodka than Alexander testified to drinking.

report to police or complaint to family members about the assault; (6) the lack of pictures or documentation of claimed injuries; and (7) evidence of her behavior the next morning, including her attendance at marriage counseling with appellant. Appellant also points out Alexander had a financial motive to pursue the prosecution because of the parties' pending divorce.

All the factors to which appellant points are reasons why jurors might have disbelieved Alexander's testimony, but none of them provide reasons the jurors were required to disbelieve it. It is the role of the jury to judge the credibility of evidence and the weight to be given particular items of evidence, to resolve conflicts in the testimony, and to draw reasonable inferences from that evidence. *See Jackson,* 443 U.S. at 319; *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2012). In carrying out its factfinding functions, the jury was free to believe Alexander and to give weight to the testimony regarding bruises on her arms. Viewing all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have determined beyond a reasonable doubt that appellant intentionally, knowingly or recklessly caused bodily injury to Alexander, a member of his family or household, by "pulling her hair, slapping her face, grabbing her wrist, grabbing her arm, choking her, pressing on her neck, throwing her against a wall or throwing her against furniture." *Jackson,* 443 U.S. at 319, *Isassi,* 330 S.W.3d at 638.

We overrule appellant's second issue, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8