

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00124-CR

RICHARD AHMED ZAMBRANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 131,171-2, Honorable Pamela Cook Sirmon, Presiding

February 24, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Richard Ahmed Zambrana appeals from his conviction by jury of an assault against his wife causing bodily injury[1] and the resulting punishment of 45 days in county jail and a $300 fine. He presents two issues. Finding appellant has not shown the trial court erred, we will affirm the court's judgment.

---

[1] TEX. PENAL CODE ANN. § 22.01 (West 2012). The conviction resulted from the second trial on this charge; the first trial ended in a mistrial.

## Background

The State's information alleged appellant intentionally, knowingly or recklessly caused bodily injury to Tina Alexander-Zambrana,[2] by squeezing her arm with his hand, grabbing her with his hand, grabbing her hair with his hand or kicking her, and that she was then a member of his family or household. At the time of the assault in May 2011, Alexander and appellant were married but separated. They, however, "continued to work on their marriage." The couple went to a restaurant to celebrate appellant's birthday. Both had drinks with their meal. At the end of the two-and-a-half-hour meal, appellant argued with the restaurant manager. Alexander testified that when they left the restaurant, she asked appellant for his keys because he had too much to drink. Appellant became angry, grabbed her arm, pulled her hair and kicked her. She got out of the car and appellant drove off. Restaurant employees testified both to the confrontation between appellant and the manager, and to appellant's conduct toward his wife like that alleged in the information.

Alexander also testified, over objection, that about six weeks after the incident at the restaurant, appellant called and asked her not to testify or to change her story and if she did not, he would "make things very obnoxious" for her. Appellant testified at trial, denying any assault to Alexander.

---

[2] Hereafter, we refer to the victim of appellant's assault as Tina Alexander, which is the name by which she identified herself at trial.

Analysis

Defect in Court's Judgment

The judgment the trial court signed states the "offense convicted of:" as "assault (domestic violence)." It also states the "degree of offense:" as "class 'A' misdemeanor." The judgment also later recites that appellant "pleaded Not Guilty to the offense as alleged in the Information herein, to wit: Assault (Domestic Violence), a Class 'A' Misdemeanor." The judgment recites the verdict of the jury as finding appellant "guilty of the offense of Assault, Domestic Violence, as charged in the Information."[3] The judgment's ordering paragraph states that appellant "is hereby adjudged guilty of the offense of Assault (Domestic violence), a Class 'A' Misdemeanor, as found by the Jury." The judgment's paragraph ordering appellant's sentence repeats the same statement, decreeing that "[appellant], who has been adjudged guilty of the offense of Assault (Domestic Violence), a Class 'A' Misdemeanor . . . ."

The judgment further contains an affirmative finding "that the victim of this offense was a family member of the defendant or a member of the defendant's household."[4]

---

[3] The recitation in the judgment is accurate. The verdict form reflects the jury's finding of appellant "guilty of the offense of Assault, Domestic Violence as charged in the Information." The court's charge instructed the jury that "Our law provides that a person commits the offense of Assault, Domestic Violence if he intentionally, knowingly or recklessly causes bodily injury to a member of the Defendant's family or household." The charge further defined "family" to include "individuals who are married to each other."

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2013) (requiring affirmative finding of family violence).

The judgment's characterization of the offense as assault (domestic violence) is consistent with the offense's characterization from the outset of the case. The information states at its outset, "Offense: Assault – Class A (Domestic Violence)."

Despite the quoted statements in the judgment, by his first issue appellant contends the judgment reflects his conviction only of a Class C misdemeanor offense. By appellant's reasoning, because the judgment omits any reference to bodily injury, it must refer to an assault constituting a Class C misdemeanor offense. *See* TEX. PENAL CODE ANN. § 22.01(c) (West 2012) (providing, with exceptions, that assaults committed in the manners defined in § 22.01(a)(2) and (a)(3), not requiring bodily injury, are Class C misdemeanors). Because the information charged appellant with the means of assault causing bodily injury, that defined in § 22.01(a)(1), a Class A misdemeanor, *see* § 22.01(b), appellant sees what he describes as a "fatal variance" in the record, requiring his acquittal on the Class A misdemeanor offense.

Appellant cites our opinion in *Tanner v. State,* 335 S.W.3d 784 (Tex. App.—Amarillo 2011, no pet.), as authority. *Tanner* involved a challenge to the sufficiency of the proof that the defendant's prior misdemeanor assault had been committed against a family member, which proof was necessary to enhance his later assault to a third degree felony. *Id.* at 785; *see* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West 2012). Finding the evidence insufficient to establish the enhancement, we reversed his felony conviction and remanded the cause for entry of a misdemeanor conviction judgment and resentencing. *Id.* at 786. *Tanner* does not support appellant's argument. There is no contention that the State's evidence was insufficient to support conviction on the

charged offense of assault causing bodily injury. The victim's testimony was sufficient to show her bodily injury, and appellant does not contend otherwise.

Nor does this record present a fatal variance. "A variance occurs when there is a discrepancy between the allegation in the charging instrument and the proof at trial. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). No discrepancy between the information, which charged assault causing bodily injury, and the proof at trial, which showed bodily injury, appears here. The State's proof matched the allegations of its charging instrument.

None of the authority appellant cites supports his argument that because the judgment omits express reference to bodily injury, it must refer to assault as a Class C misdemeanor offense. *See Johnson v. State*, 409 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (modifying judgment but noting defendant cited no authority for complaint regarding manner in which offense was described in judgment). For all these reasons, we overrule appellant's first issue.

Admission of Evidence of Extraneous Misconduct

During trial, Alexander testified that on two occasions, about six weeks after the incident at the restaurant, appellant contacted her, asking that she lie for him and say she "made everything up." He also told her he would "make things very obnoxious for [her]" if she testified at trial. Appellant objected to the testimony, arguing Rule of

5

Evidence 404(b) required its exclusion. The trial court disagreed. By his second issue, appellant complains of the court's admission of the testimony. We overrule the issue.

Assuming, without deciding, the trial court erred by overruling the objections raised, we have no hesitation to conclude the error was harmless.

Erroneous admission of the testimony would be subject to error analysis under the standard for nonconstitutional errors. TEX. R. APP. P. 44.2(b); *Hernandez v. State,* 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). We must disregard a nonconstitutional error that does not affect a criminal defendant's "substantial rights." TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Reversible error has not occurred if we, after examining the record as a whole, have "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see also Motilla v. State,* 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

In his testimony before the jury, appellant acknowledged his argumentative encounter with the restaurant manager. But he testified he engaged in no assaultive behavior toward his wife. Confronted on cross examination with her testimony, and that of the restaurant employee, appellant responded they were lying. Because of the sharp conflict between their versions of the incident, appellant argues, the improper admission of evidence of his later misconduct swayed the jury toward acceptance of Alexander's

account of the assault.  Having reviewed the entire trial record, we cannot agree her testimony of their telephone conversations had such a substantial and injurious effect.

The testimony regarding the telephone conversations was like that regarding the assault:  Alexander said he made the statements attempting to influence her testimony; appellant denied making the statements. There was no evidence he made the statements other than her testimony.   We see no indication in the record of a likelihood the jury accepted her testimony about the assault only because they found her testimony about the telephone conversations credible.  Said another way, if jurors did not believe Alexander's version of the assault, we see no reason they should have believed her version of the telephone conversations.  *See Jones v. State,* 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (jury is the sole judge of the credibility of witnesses and is free to believe or disbelieve all or part of a witness's testimony).   Nor were the telephone conversations further emphasized to the jury; they were not mentioned during counsel's arguments.

Viewing the record as a whole, we are fairly assured that any error in admitting Alexander's testimony relating to the two conversations with appellant did not influence the jury, or had but a slight effect, in finding appellant guilty.  *Johnson,* 967 S.W.2d at 417.

We affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.
.