

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00005-CR

———————————————

JESSICA MEINZER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from County Criminal Court No. 1
Denton County, Texas
Trial Court No. CR-2020-02630-A

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In one issue, Appellant Jessica Meinzer—convicted of an assault on a family member—argues that the judgment incorrectly recites that the trial court made a family violence finding because the trial court, when sentencing her, did not make an oral family violence finding. While the focus of Meinzer's argument is that the written judgment must conform to the oral pronouncement, she also argues that the jury verdict does not necessarily support the finding. Because the trial court did not have to make an oral finding of family violence when sentencing Meinzer and because the trial court makes the family violence finding independently of the jury, we overrule her issue.

As we explain below, a jury verdict of guilty for assault on a family member and a trial court finding of family violence are not the same thing. Indeed, it is possible for the jury to find a defendant guilty of an assault on a family member and for the trial court not to make a family violence finding. The jury's guilty verdict and the trial court's family violence finding are distinct, separate factual issues governed by different, independent standards. And the guilty verdict and the family violence finding serve different purposes.

Consistent with our analysis, we conclude that the judgment contains clerical error. We modify the judgment to reflect that Meinzer was convicted of assault on a

family member[1] and to include a separate family violence finding. We affirm the trial court's judgment as modified.

## I.  BACKGROUND

## A.  The Facts

The evidence is not disputed. Meinzer assaulted her husband, the complainant.[2]

Meinzer was charged by information with "intentionally or knowingly or recklessly caus[ing] bodily injury to [Husband], a member of [her] family," a Class A misdemeanor, *see* Tex. Penal Code Ann. § 22.01(a)(1), and the jury found her guilty as charged.[3]

---

[1]In Meinzer's case, the information alleged that the complainant was a family member, and the charge required the jury to find that the complainant was a family member as one of the elements of the offense. Technically, though, whether the complainant was a family member was not an element of the offense. *See* Tex. Penal Code Ann. § 22.01(a)(1); *Babineaux v. State*, No. 02-21-00085-CR, 2023 WL 164089, at *5 (Tex. App.—Fort Worth Jan. 12, 2023, pet. ref'd) (mem. op., not designated for publication) (noting that information alleged offense was against a family member but further noting that whether the complainant was a family member was not an element of a misdemeanor assault offense). Thus, technically, the offense was an assault, not an assault on a family member. But for purposes of clarity, we refer to it as an assault on a family member. We do so for the same reasons the State placed the family member allegation in the indictment and the charge required the jury to find that the complainant was a family member—not because it matters in this case, but it matters if there is a second assault on a family member. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A).

[2]Because it is irrelevant to our analysis, we have declined to include the details.

[3]Because the State did not allege a prior conviction for assault on a family member, the State was effectively asserting that this was Meinzer's first time to

3

## B. Oral Pronouncements

After receiving the verdict, the trial court announced that the jury had found Meinzer "guilty of the offense of assault as alleged in the [i]nformation." And after the punishment phase, the trial court sentenced Meinzer to 365 days in jail but probated her sentence and placed her on community supervision for 24 months. This sentence was within the range of a Class A misdemeanor. *See id.* § 12.21.

Neither at the oral pronouncement of guilt nor at the oral pronouncement of sentence did the trial court announce its family violence finding,[4] but the trial court included a family violence finding in its written judgment. *See* Tex. Code Crim. Proc. Ann. art. 42.013.

## C. The Judgment

The judgment recites that a jury found Meinzer guilty of "assault[–]family violence" and that the trial court sentenced her to 365 days in jail, suspended the sentence, and placed her on community supervision for 24 months. Technically, the offense was an "assault" or, as we refer to it here, an "assault on a family member," not "assault–family violence," *see* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2), but as we read the judgment, the use of the term "assault[–]family violence" was shorthand to

---

commit the offense. *See Butler v. State*, 189 S.W.3d 299, 302–03 (Tex. Crim. App. 2006) (involving a defendant in the same procedural posture). Had a prior conviction been so alleged and proven, the offense would have been elevated to a third degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A).

[4]The trial court's failure to make a family violence finding when orally pronouncing her sentence is the basis of Meinzer's complaint.

incorporate the Article 42.013 "family violence" finding because the assault involved a family member. *See* Tex. Code Crim. Proc. Ann. art. 42.013; *see, e.g.*, *Arevalo v. State*, 675 S.W.3d 833, 842 (Tex. App.—Eastland Aug. 31, 2023, no pet.) (referring to the offense as "assault–family violence"); *Flores v. State*, No. 04-12-00815-CR, 2014 WL 2917157, at *3 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication) (same); *Bishop v. State*, No. 02-10-00319-CR, 2012 WL 171278, at *1 (Tex. App.—Fort Worth Jan. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (same); *Torres v. State*, No. 08-03-00084-CR, 2005 WL 387007, at *1 (Tex. App.—El Paso Feb. 17, 2005, no pet.) (not designated for publication) (same).

## II.  DISCUSSION

### A.  Conflict between Oral Pronouncement and Written Finding

Meinzer does not attack the sufficiency of the evidence to support the family violence finding. Rather, she contends that the written finding in the judgment is not supported by an oral pronouncement during sentencing.[5] And, as she points out, when there is a conflict between the oral pronouncement at sentencing and the written judgment, the oral pronouncement controls. *See Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018) ("As a general rule, when the oral pronouncement of

---

[5]Meinzer does not argue that the trial court was required to make an oral finding of family violence when reading the guilty verdict. Accordingly, we do not address that issue.

5

sentence and the written judgment vary, the oral pronouncement controls."). While we agree with that legal proposition, we disagree that it applies to this situation.

As discussed below, the family violence finding has no bearing on a defendant's guilt or punishment. The family violence finding serves another purpose.

### 1. Assault

As alleged in the information here, a person commits an assault if she "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." Tex. Penal Code Ann. § 22.01(a)(1). A spouse is considered a family member, Tex. Fam. Code Ann. § 71.003, and for punishment purposes, a first assault on a family member under Section 22.01(a)(1) is—absent aggravating factors not present here—a Class A misdemeanor, *see* Tex. Penal Code Ann. § 22.01(b)(2). Although counterintuitive, being a family member is not an element of the offense, so if the State alleges that the complainant is a family member, it does so unnecessarily, at least for proving the instant offense. *See id.* § 22.01(a)(1); *Babineaux*, 2023 WL 164089, at *5 (noting that information alleged offense was against a family member but further noting that whether the complainant was a family member was not an element of a misdemeanor assault offense).

### 2. Family Violence

Separately, if the trial court determines that the assault involved family violence, Article 42.013 of the Texas Code of Criminal Procedure requires that the trial court make an affirmative finding of that fact in its judgment:

6

> In the trial of an offense under Title 5, Penal Code [("Offenses Against the Person")], if the court determines that the offense involved family violence, as defined by Section 71.004 [("Family Violence")], [Texas] Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

Tex. Code Crim. Proc. Ann. art. 42.013 (footnote omitted). Significantly, this finding is not premised on an assault on a family member but on family violence as defined by Section 71.004. And the two are not the same thing.

### a. Purpose of the Family Violence Finding

One court has suggested that the purpose of the family violence finding is to flag the offense as one involving a family member. *See State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.) ("Article 42.013 was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault. Instead, the State may rely on the affirmative [family violence] finding in the prior judgment . . . ."). We agreed with the statement in *Babineaux*, 2023 WL 164089, at *5 (citing *Eakins*, 71 S.W.3d at 444). And in a 2002 opinion, citing *Eakins*, we followed that same reasoning. *See Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.) (citing *Eakins*, 71 S.W.3d at 444). Although we agree that the finding will have that effect—it will flag the previous offense as one against a family member—we disagree that that is the finding's purpose.

Because the enhancement is based on a prior conviction for an assault on a family member, *see* Tex. Penal Code Ann. § 22.01(b)(2)(A), if Article 42.013's purpose

7

was to flag the fact that the offense involved a family member, it would have required the trial court to include a family member finding as described in Sections 71.0021(b), 71.003, or 71.005 of the Texas Family Code, not a family violence finding as defined in Section 71.004 of the Texas Family Code. It does just the opposite. It predicates the finding only on Section 71.004. *See* Tex. Code Crim. Proc. Ann. art. 42.013. And as *Goodwin* and *Eakins* both show, the absence of a family violence finding is not an impediment to a finding in a later case that the earlier assault was against a family member. *See Goodwin*, 91 S.W.3d at 918, 920 (evidence supported finding that earlier conviction was for an assault on a family member notwithstanding the absence of a family violence finding); *Eakins*, 71 S.W.3d at 444–45 (holding that Article 42.013 was not the only means to prove that earlier assault conviction was against a family member).

And for the reasons Meinzer points out in her second argument, because the culpable mental state for an assault on a family member can be less than the culpable mental state for a family violence finding, a guilty verdict in the underlying assault involving a family member will not necessarily support a family violence finding. A family violence finding goes one step further than a guilty verdict: a family violence finding is based on intentional conduct to the exclusion of knowing or reckless conduct. *Compare* Tex. Fam. Code Ann. § 71.004, *with* Tex. Penal Code Ann. § 22.01(a)(1). Consequently, a guilty verdict for the offense of assault on a family

8

member—which can be based on knowing or reckless conduct—will not necessarily authorize a family violence finding.

Conversely, a conviction for misdemeanor assault under Section 22.01(a)(1) (where being a family member is not an element of the offense) would not preclude a family violence finding. *See* Tex. Penal Code Ann. § 22.01(a)(1); *Babineaux*, 2023 WL at 164089, at *5. This is true for any offense under Title 5 of the Penal Code, which includes homicides, trafficking of persons, sexual offenses, and, as here, an assault. *See* Tex. Code Crim. Proc. Ann. art. 42.013; Tex. Penal Code Ann. §§ 19.01–22.12 ("Title 5. Offenses Against the Person"). Being a family member does not have to be an element of the underlying offense. *See* Tex. Penal Code Ann. §§ 19.01–22.12 ("Title 5. Offenses Against the Person"). But if the evidence meets the definition of family violence, the trial court is still required to make the family violence finding. *See* Tex. Code Crim. Proc. Art. 42.013 (restricting applicability to Title 5 offenses only).

### b. An Illustrative Example of Confusion

Before proceeding, to illustrate the confusion that the family violence finding—or the absence of one—can engender, we address *Goodwin*, cited earlier, an opinion out of our court. In *Goodwin*, the defendant had been previously charged with misdemeanor assault but without an allegation that the victim was a family member. 91 S.W.3d at 918. He was convicted of misdemeanor assault, and the judgment did not contain a family violence finding. *Id.*

9

As noted above, for purposes of a misdemeanor assault, whether the complainant is a family member is not an element of the offense. *See* Tex. Penal Code Ann. § 22.01(a)(1). Whether the complainant was a family member becomes relevant for conviction and sentencing only later—if the defendant commits a second assault against a family member. *See id.* § 22.01(b)(2)(A). The second assault prosecution necessarily requires evidence of the earlier assault prosecution. *See Tanner v. State*, 335 S.W.3d 784, 785 (Tex. App.—Amarillo 2011, no pet.).

Returning to our *Goodwin* analysis, when the defendant was later convicted of an assault on a family member, 91 S.W.3d at 914, the State used the defendant's prior misdemeanor assault conviction to enhance his offense to a third degree felony. *Id.* at 918, 920. On appeal, the defendant argued that his offense was improperly enhanced because there was insufficient evidence to show that he had been previously convicted of an assault on a family member. *Id.* at 918.

We held that the absence of a family violence finding was not dispositive and that the State could introduce extrinsic evidence to show that the offense involved a family member. *Id.* at 919. In the process of making that determination, however, citing Section 22.01(b)(2) of Texas Penal Code, we stated that a family violence finding can "be used to enhance a subsequent assault to a family member from a misdemeanor to a felony." *Id.* at 918. On closer inspection, however, we see that under Section 22.01(b)(2), a prior conviction for an assault on a family member—not a family violence finding—is what is used to enhance the offense. *See* Tex. Penal

Code Ann. § 22.01(b)(2)(A). But the statement in *Goodwin* was not entirely incorrect. A family violence finding in an earlier assault case would certainly resolve any dispute about whether the earlier assault was against a family member. *See Tanner*, 335 S.W.3d at 785.

Thereafter in *Goodwin*, we concluded that the extrinsic evidence was sufficient to prove that the prior assault was against a family member. *Goodwin*, 91 S.W.3d at 919–20. In the context of the argument that the defendant raised on appeal—that the evidence was insufficient, *see id.* at 918—this was a correct conclusion because there was evidence that the prior offense was against a family member. *Id.* at 920.

When looking at *Goodwin*, we understand why in Meinzer's case the State included a family member allegation in the information, and we understand why the charge required the jury to find that the complainant was a family member. Both prepared the foundation for an enhancement if Meinzer committed a second assault on a family member.

For our purposes though, the family violence finding is extraneous to whether the conviction can later be used as an enhancement. The family violence finding might help resolve that question, but that is not its purpose.

### c. A Family Violence Finding has Collateral Consequences

Family violence findings serve a civil function: they may be used later when attempting to obtain civil protective orders. *See* Tex. Fam. Code Ann. §§ 83.001 (providing that before a trial court can issue a temporary protective order ex parte, it

11

must find "a clear and present danger of family violence"), 85.001(a) (providing that, after a hearing, before a trial court can issue a protective order, it must find that family violence has occurred). And, by devoting an entire chapter of the Texas Code of Criminal Procedure to family violence prevention, the Legislature has demonstrated that civil protective orders are a concern of criminal law. *See* Tex. Code Crim. Proc. Ann. arts. 5.01–.06 ("Chapter 5. Family Violence Prevention").

Additionally, a family violence finding has numerous collateral consequences:

In the family law context (divorce or suits affecting the parent-child relationship), such a finding adversely impacts that party's claim to be granted:

- joint managing conservatorship;

- sole or managing conservatorship;

- possessory conservatorship;

- unsupervised access to a child;

- unrestricted electronic communications with a child;

**OR**

- on-going custody of or access to a child in the face of a request to modify an order to change custody of or restrict access to a child.

A party in a divorce suit who is found to have committed family violence against a spouse may also be required to pay spousal maintenance.

A finding of family violence in a protective order or in a criminal judgment against a defendant may also adversely affect the defendant's right to:

- hold a concealed weapon permit;

- obtain or keep an occupational license issued by the state (e.g., teaching, plumbing, nursing, etc.);

- obtain bail;

**OR**

- obtain permanent residency or citizenship.

Office of Court Administration, *The Texas Family Violence Benchbook*, Ch. 10.4 (Sept. 2011), https://www.txcourts.gov/media/478288/domesticviolencebenchbook.pdf (footnote omitted) (last visited Feb. 29, 2024).

### d. Guidance from the Texas Court of Criminal Appeals

The Texas Court of Criminal Appeals has provided us with guidance regarding Article 42.013. It has instructed that a trial court is "statutorily obligated to enter an affirmative finding of family violence in its judgment, if during the guilt phase of trial, the court determines that the offense involved family violence." *Butler*, 189 S.W.3d at 302. Through this quote, *Butler* underscores three points about the family violence finding:

- The trial court, not the jury, determines whether the offense involved family violence. *See Boas v. State*, 604 S.W.3d 488, 493 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Pierce v. State*, No. 04-02-00749-CR, 2003 WL 22715608, at *6 (Tex. App.—San Antonio Nov. 19, 2003, pet. ref'd) (mem. op., not designated for publication).[6]

---

[6]As we explain above, in a prosecution for a first assault on a family member, whether the complainant is a family member is not an element of the offense. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2). "[A] finding under Article 42.013 is not an

- The trial court's decision regarding whether family violence occurred is based on the evidence admitted at the guilt phase, not evidence admitted during the sentencing phase. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (focusing on offense committed and not on criminal history).

- The finding of family violence is required to be included in the judgment, not announced during trial. *See id.* (requiring finding in judgment).

### 3. Conclusion

Accordingly, because a family violence finding is not a sentencing issue, because pronouncing the finding orally is not statutorily required, and because the Court of Criminal Appeals has not signaled that an oral rendition is necessary, we reject Meinzer's argument that a trial court must orally pronounce its family violence finding during sentencing.

---

element of the offense of misdemeanor assault." *Babineaux*, 2023 WL 164089, at *5. To that, we would add that an Article 42.013 finding is not an element of a third degree assault on a family member either. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2); *McCall v. State*, 635 S.W.3d 261, 270 (Tex. App.—Austin 2021, pet. ref'd) ("An Article 42.013 finding is not an element of any offense."); *Boas*, 604 S.W.3d at 493 ("The family violence finding is the trial court's responsibility; it is not part of the offense and need not be submitted to the jury.").

This may not be true in every circumstance, e.g., in the context of a terroristic threat. *See* Tex. Penal Code Ann. § 22.07(a)(2), (c)(1) (using the term "family violence" to distinguish a Class B terroristic threat from a Class A terroristic threat). Because terroristic threat, unlike assault, is premised strictly on intentional conduct, *id.* § 22.07(a), if the terroristic threat was against a family member, it would always constitute family violence. But in the context of an assault, the same is not true. An assault might or might not constitute family violence. If the assault was based on knowing or reckless conduct, it would not. Only if the assault involved intentional conduct would it constitute family violence. *See* Tex. Fam. Code Ann. § 71.004(1).

14

## B. Variance in Culpable Mental States

In her argument, Meinzer identifies a potential gap in the culpable mental states needed to commit an assault and the culpable mental state needed to make a family violence finding. As Meinzer points out, an assault under Section 22.01(a)(1) occurs if the act was done "intentionally, knowingly, or recklessly." *See* Tex. Penal Code Ann. § 22.01(a)(1). Whereas a family violence finding—depending on the allegation—requires an intentional act. *See* Tex. Fam. Code Ann. § 71.004(1) ("'Family violence' means: (1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault . . . ."). Meinzer contends that the jury verdict, which might have been based on knowing or reckless conduct, does not necessarily support the family violence finding under Section 71.004, which requires intentional conduct. We agree that there is a potential variance in the culpable mental states, but we disagree that any variance adversely impacts Meinzer's case.

### 1. The Burden of Proof for a Family Violence Finding

In addressing Meinzer's point, a threshold question is whether the burden of proof for the Penal Code assault conviction and the burden of proof for the Code of Criminal Procedure family violence finding are the same. Do both require proof beyond a reasonable doubt?

In a civil proceeding, the burden imposed on a trial court to support a family violence finding is by a preponderance of the evidence. *See Roper v. Jolliffe*, 493 S.W.3d

624, 631, 638 (Tex. App.—Dallas 2015, pet. denied). But Meinzer's proceeding is not a civil one.

Unfortunately, in the one instance when the Court of Criminal Appeals broached this burden-of-proof issue, it ultimately decided not to resolve it. *Word v. State*, 206 S.W.3d 646, 652–53 (Tex. Crim. App. 2006). Citing to briefing deficiencies, *id.* at 652, the Court of Criminal Appeals commented that the issue was not ripe for consideration, *id.* at 653.

### 2. Argument Favoring a Preponderance of the Evidence

In Meinzer's case, because the family violence finding would have no bearing on offense or punishment issues, applying the civil burden of proof—by a preponderance of the evidence—would seem to make sense.[7] And applying the civil standard to discrete issues in criminal proceedings is not unprecedented. *See, e.g.,* *Gatewood v. State*, 654 S.W.3d 239, 244 (Tex. App.—Texarkana 2022, no pet.) (applying a preponderance-of-the-evidence standard to an affirmative defense).

If a preponderance-of-the-evidence burden applies, then the jury could have found that Meinzer committed an assault knowingly or recklessly—but not

---

[7]The family violence finding is not what is later used for offense enhancement purposes; rather, the previous conviction for assault on a family member is what is used. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). Because that aggravating factor (a prior assault on a family member) is an element of third degree felony assault of a family member, it must be proven beyond a reasonable doubt during the guilt-innocence phase of the felony trial. *See Holoman v. State*, 620 S.W.3d 141, 147 (Tex. Crim. App. 2021); *Collins v. State*, No. 02-22-00252-CR, 2023 WL 4501828, at *3 (Tex. App.—Fort Worth July 13, 2023, pet. ref'd) (mem. op., not designated for publication).

16

intentionally—and the trial court could have found that she acted intentionally and thus committed family violence without the jury and the trial court making inconsistent findings. The reason: the evidence might have been insufficient for the jury to find beyond a reasonable doubt that Meinzer acted intentionally but more than sufficient for the trial court to find by a preponderance of the evidence that she did. *See State v. Benavidez*, 365 S.W.2d 638, 640 (Tex. 1963) ("The judgment of acquittal in this case was no more than a finding . . . that the State has failed to prove [its criminal case] beyond a reasonable doubt . . . ; it is not a finding that the State has failed to prove [its civil case] by a preponderance of the evidence . . . ."); *Osborne v. Coldwell Banker United Realtors*, No. 01-01-00463-CV, 2002 WL 1480894, at *12 (Tex. App.— Houston [1st Dist.] July 11, 2002, no pet.) (not designated for publication) ("[A] criminal matter is not res judicata or [collateral] estoppel . . . to a later civil action involving the same fact issue. . . . [I]n criminal prosecutions, the state must prove its case beyond a reasonable doubt, whereas, in civil trials, the burden of proof is generally a preponderance of the evidence.").[8]

Meinzer cites two cases, both out of the San Antonio Court of Appeals, which she says support her argument that we should delete the trial court's finding of family violence from the judgment. *Angel v. State*, Nos. 04-15-00235-CR, 04-15-00236-CR,

---

[8]O.J. Simpson's criminal and civil trials are an example of this principle: in Simpson's criminal prosecution, he was acquitted of murder, but in a later civil suit, he was found liable for wrongful death. *See* Christine Hurt, *The Undercivilization of Corporate Law*, 33 J. Corp. L. 361, 401 n.276 (2008).

2016 WL 418272 (Tex. App.—San Antonio Feb. 3, 2016, no pet.) (mem. op., not designated for publication); *Sequiera v. State*, No. 04-14-00361-CR, 2015 WL 4554334, at *6 (Tex. App.—San Antonio July 29, 2015, no pet.) (mem. op., not designated for publication). Because both cases are unpublished memorandum opinions from a sister court, they are not binding authority. *See* Tex. R. App. P. 47.7(a); *Brock v. State*, 495 S.W.3d 1, 8 (Tex. App.—Waco 2016, pet. ref'd). Further, both are distinguishable. In *Angel*, the family violence finding was clerical error unsupported by the record. *See* 2016 WL 418272, at *3 (citing *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993)). And in *Sequiera*, the family violence finding changed the offense from a Class B misdemeanor, *see* Tex. Penal Code Ann. § 22.07(a)(2), (c), which was alleged in the information, *see Sequiera*, 2015 WL 4554334, at *5, to a Class A misdemeanor, *see* Tex. Penal Code Ann. § 22.07(a)(2), (c)(1), which was not alleged in the information, *see Sequiera*, 2015 WL 4554334, at *5. The information thus did not support a Class A misdemeanor. *See Hill v. State*, No. 05-18-01011-CR, 2020 WL 2124520, at *15 (Tex. App.—Dallas May 5, 2020, no pet.) (mem. op., not designated for publication).

### 3. Resolution

In this appeal, we need not determine which burden of proof applies. Here, Meinzer does not argue that the State failed to meet its burden, whatever it was. Because the jury is not required to find family violence either for a conviction or for punishment purposes, we hold that the trial court can decide the family violence issue

18

independently of the jury. *See* Tex. Code Crim. Proc. Ann. art. 42.013. And because Meinzer does not contest the sufficiency of the evidence, regardless of the burden of proof, the evidence supports the finding. Despite the difference in the culpable mental states for the conviction and for the family violence finding, we hold that the trial court had the authority to make the family violence finding in the judgment. *See id.*; *Butler*, 189 S.W.3d at 302.

We overrule Meinzer's issue. *See Boas*, 604 S.W.3d at 493.

### III. CLERICAL ERROR

After reviewing Meinzer's arguments and the judgment, we conclude that the judgment contains two clerical errors. First, the judgment reflects that Meinzer was found guilty of assault–family violence. As discussed above, technically, this is incorrect. The jury effectively found her guilty of a first assault on a family member. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2). Second, the judgment contains the family violence finding as part of the offense. This too is incorrect. Family violence was not an element of the offense, *see* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2), but was a separate finding made by the trial court, not the jury, for purposes unrelated to the offense, *see* Tex. Code Crim. Proc. Ann. art. 42.013; Tex. Fam. Code Ann. §§ 83.001, 85.001(a); *The Texas Family Violence Benchbook*, Ch. 10.4. Thus, the finding should not be identified as part of the offense but should be reflected separately.

We have the power to correct clerical errors and to modify the trial court's judgment sua sponte "to make the record speak the truth" when we have the

19

necessary information to do so. *Bigley*, 865 S.W.2d 26 at 27–28; *Barner v. State*, No. 02-22-00043-CR, 2023 WL 164088, at *2 (Tex. App.—Fort Worth Jan. 12, 2023, no pet.) (mem. op., not designated for publication).

Accordingly, we modify the judgment to reflect the correct offense and a separate family violence finding. *Cf. Thornton v. State*, No. 05-16-00565-CR, 2017 WL 1908629, at 8 (Tex. App.—Dallas May 9, 2017, pet. ref'd) (mem. op., not designated for publication) (modifying the judgment to reflect a deadly weapon finding).

## IV. CONCLUSION

We overrule Meinzer's sole issue. Concluding that the judgment contains clerical errors, we modify the judgment to delete "assault family violence"; reflect that the jury found Meinzer guilty of assault on a family member–first offense; and include a separate family violence finding. We affirm the judgment as modified.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:   March 14, 2024

20